**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 40532**

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | **2014 Unpublished Opinion No. 334** |
| | ) | |
| **Plaintiff-Respondent,** | ) | **Filed: January 24, 2014** |
| | ) | |
| v. | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **CLAUDE GERALD REX, JR.,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| **Defendant-Appellant.** | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Twin Falls County. Hon. Randy J. Stoker, District Judge.

Order denying I.C.R. 29 motion, <u>affirmed</u>; judgment of conviction for manufacturing a controlled substance, <u>affirmed</u>.

Valdez Law Office, PLLP; Anthony M. Valdez, Twin Falls, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Nicole L. Schafer, Deputy Attorney General, Boise, for respondent.

_____

GRATTON, Judge

Claude Gerald Rex, Jr. appeals from his conviction by a jury for manufacturing a controlled substance, Idaho Code § 37-2732(a). Specifically, Rex contends the district court erred by denying his Idaho Criminal Rule 29 motion for judgment of acquittal. Rex also challenges the sufficiency of the evidence supporting his manufacturing conviction. For the reasons set forth below, we affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

An Idaho state trooper stopped Rex for failure to stop at a stop sign. During the traffic stop, the trooper smelled a marijuana odor coming from inside the automobile. After a search of the automobile, the trooper discovered two plastic cups, each containing dirt and a small marijuana plant. The trooper testified at trial that the soil in the cups was moist and the plants were healthy, alive, and growing.

1

The State charged Rex with manufacturing a controlled substance. At trial, Rex moved for a judgment of acquittal pursuant to I.C.R. 29. The trial court denied the motion, finding the State presented a sufficient amount of evidence for a jury to convict Rex of the charge. At trial, the jury found Rex guilty of manufacturing a controlled substance. Rex timely appeals.

## II.

## ANALYSIS

Rex alleges the district court erred when it denied his Rule 29 motion for judgment of acquittal. Rex also challenges the sufficiency of the evidence supporting his conviction for manufacturing. Appellate review of the sufficiency of the evidence is limited in scope. A finding of guilt will not be overturned on appeal where there is substantial evidence upon which a reasonable trier of fact could have found that the prosecution sustained its burden of proving the essential elements of a crime beyond a reasonable doubt. *State v. Herrera-Brito*, 131 Idaho 383, 385, 957 P.2d 1099, 1101 (Ct. App. 1998); *State v. Knutson*, 121 Idaho 101, 104, 822 P.2d 998, 1001 (Ct. App. 1991). We will not substitute our view for that of the trier of fact as to the credibility of the witnesses, the weight to be given to the testimony, and the reasonable inferences to be drawn from the evidence. *Knutson*, 121 Idaho at 104, 822 P.2d at 1001; *State v. Decker*, 108 Idaho 683, 684, 701 P.2d 303, 304 (Ct. App. 1985). Moreover, we will consider the evidence in the light most favorable to the prosecution. *Herrera-Brito*, 131 Idaho at 385, 957 P.2d at 1101; *Knutson*, 121 Idaho at 104, 822 P.2d at 1001.[1]

Rex alleges the State failed to present enough evidence at trial to prove the elements necessary for a manufacturing conviction. Specifically, that the State failed to provide evidence that he had watered, fertilized, groomed, or gave sunlight to the marijuana plants. Rex's understanding of the requirement of the manufacturing statute is incorrect. Under I.C. § 37-2732(a), for Rex to be guilty of the offense, he had to have manufactured marijuana and either knew it was marijuana or believed it was a controlled substance.

Manufacturing a controlled substance includes the "production" of such substance. I.C. § 37-2701(s). The "production" of a controlled substance includes "growing" that substance. I.C. § 37-2701(bb). The evidence at trial showed that Rex possessed and was in sole

---

[1]    "The standards for reviewing the trial court's denial of a motion for judgment of acquittal are the same as those applied in reviewing the sufficiency of the evidence to support a verdict of guilty." *State v. Bronnenberg*, 124 Idaho 67, 70, 856 P.2d 104, 107 (Ct. App. 1993).

control of two marijuana plants within the state of Idaho. Each marijuana plant had been individually planted in an individual container, with soil, and that soil was moist. Additionally, the plants were visibly healthy. There were no signs of wilting or stress and when the marijuana plants were removed from the individual containers, the roots were bleeding and encapsulated by the soil. The preceding evidence provides substantial evidence upon which a reasonable trier of fact could have found that the State sustained its burden of proving the essential elements of the crime beyond a reasonable doubt.

## III.

## CONCLUSION

The district court did not err when it denied Rex's Rule 29 motion for judgment of acquittal; the evidence at trial was sufficient to support the verdict. Therefore, the district court's denial of the Rule 29 motion and Rex's judgment of conviction for manufacturing a controlled substance are affirmed.

Chief Judge GUTIERREZ and Judge MELANSON **CONCUR.**