## IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 42534

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | **2015 Unpublished Opinion No. 637** |
| | ) | |
| **Plaintiff-Respondent,** | ) | **Filed: September 17, 2015** |
| | ) | |
| **v.** | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **STEVEN EUGENE ROBERTS, III,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| **Defendant-Appellant.** | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Steve J. Hippler, District Judge.

Judgment of conviction and sentence of thirty years with ten years determinate for arson in the first degree, <u>affirmed</u>.

Sara B. Thomas, State Appellate Public Defender; Jason C. Pintler, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Mark W. Olson, Deputy Attorney General, Boise, for respondent.

_____

GRATTON, Judge

Steven Eugene Roberts, III appeals from his judgment of conviction for arson in the first degree. We affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

Based upon evidence submitted at trial, on September 1, 2012, at 4:11 a.m., the Boise City Fire Department responded to a report of a fire at a residence and firefighters were on scene within three to four minutes. Boise firefighters extinguished the fire located on a patio in the back of the house and observed several canisters near the fire's origin that smelled of gasoline.

A fire investigator observed a broken window near the fire damage, which appeared to have been broken from outside the residence. The investigator also observed canisters containing gasoline placed around a flower pot with one of the canister's nozzles placed directly

1

into the pot. The valve of a fire-damaged propane tank attached to a barbeque grill on the patio was turned to the "on" position. Based on these observations, the fire investigator concluded that an ignitable liquid was poured onto a part of the patio and the fire was intentionally set, but that the fire largely burned itself out before it reached the interior of the house. He testified that the fire burned for approximately six to eight minutes before it was extinguished.

Boise police investigators found blood stains around the broken window. Several samples of the stains were collected and sent to the Idaho State Lab for testing, which presumptively matched the DNA of Steven Roberts. The officers then obtained a DNA sample from Roberts, which confirmed his DNA at the scene of the fire. Roberts was charged with one count of arson in the first degree, Idaho Code § 18-802; burglary, I.C. § 18-1401; and a persistent violator enhancement, I.C. § 19-2514. Roberts waived his right to a jury trial and requested a bench trial.

At trial, Roberts testified in his own defense. He testified that on the night in question, he took his girlfriend's car without her permission and met up with his friend, J.M., at a bar. After meeting up with J.M., he went to the residence in question with a woman he had met earlier that night and who told him the house was haunted. He testified that something frightened him while he was there so he ran, tripped, and fell through the window on the back porch, cutting his arm. He then returned to the bar to meet up with J.M. Roberts denied setting a fire or touching any gasoline cans while at the residence.

J.M. also testified at trial, stating that Roberts left the bar several times during the evening, including a couple of hours before closing time. He testified that Roberts last returned to the bar a few minutes before closing, around the time that everyone was leaving, and that the business closes at 4:00 a.m. He also testified that Roberts smelled of gasoline and had a cut on his arm. When asked, Roberts told him he had been in a fight. Roberts' girlfriend testified that he told her he cut his arm by falling against a dumpster.

The district court found Roberts guilty of burglary and arson in the first degree. Roberts then admitted to being a persistent violator. The district court imposed a unified thirty-year sentence with ten years determinate for arson in the first degree, and a concurrent unified ten-year sentence with five years determinate for burglary.[1] Roberts timely appeals.

---

[1] Roberts does not appeal his burglary conviction.

2

## II.

## ANALYSIS

Roberts argues the State presented insufficient evidence to support his conviction for arson in the first degree. Specifically, he contends that the time estimates provided by the State's witnesses did not support a finding that he was involved in setting the fire. Appellate review of the sufficiency of the evidence is limited in scope. A finding of guilt will not be overturned on appeal where there is substantial evidence upon which a reasonable trier of fact could have found that the prosecution sustained its burden of proving the essential elements of a crime beyond a reasonable doubt. *State v. Herrera-Brito*, 131 Idaho 383, 385, 957 P.2d 1099, 1101 (Ct. App. 1998); *State v. Knutson*, 121 Idaho 101, 104, 822 P.2d 998, 1001 (Ct. App. 1991). We will not substitute our view for that of the trier of fact as to the credibility of the witnesses, the weight to be given to the testimony, and the reasonable inferences to be drawn from the evidence. *Knutson*, 121 Idaho at 104, 822 P.2d at 1001; *State v. Decker*, 108 Idaho 683, 684, 701 P.2d 303, 304 (Ct. App. 1985). Moreover, we will consider the evidence in the light most favorable to the prosecution. *Herrera-Brito*, 131 Idaho at 385, 957 P.2d at 1101; *Knutson*, 121 Idaho at 104, 822 P.2d at 1001.

To support Roberts' conviction of arson in the first degree, the State was required to prove that Roberts "willfully and unlawfully, by fire or explosion, damage[d] . . . [a]ny dwelling, whether occupied or not." I.C. § 18-802(1). On appeal, Roberts contends that the State failed to present sufficient evidence to prove that it was Roberts who intentionally damaged the residence by setting the fire. To support his argument, Roberts relies on the time estimates provided by the State's witnesses. First, the responding firefighter testified that he was dispatched at 4:11 a.m., and arrived at the residence three to four minutes later where he extinguished the fire. Then, the fire investigator testified that the fire was likely started intentionally by an open flame and burned for six to eight minutes before it was extinguished. Lastly, J.M. testified that Roberts arrived at the bar about five minutes before its 4:00 a.m. closing time, with a cut on his arm and smelling of gasoline. According to Roberts, upon analyzing the testimony presented, the evidence supports a finding that the fire was set between 4:07 a.m. and 4:10 a.m. Relying on J.M.'s testimony, he then asserts that the evidence demonstrates that he was not present at the residence when the fire started.

3

The record amply supports the district court's finding that it was Roberts who set the fire at the residence. First, Roberts does not dispute that he was at the residence and that he broke the window; DNA evidence confirmed his presence at the scene, near the fire's origin. Further, Roberts has failed to show that the witnesses' time estimates precluded his setting the fire, or otherwise rendered the State's evidence insufficient to support his conviction for arson in the first degree. Looking at the estimates in the light most favorable to the State, the fire was set at approximately 4:06 a.m., eight minutes prior to when the fire was extinguished at approximately 4:14 a.m. Roberts met up with J.M. at approximately 3:55 a.m., a time which was estimated solely from the business's usual closing time. This minimal time discrepancy in the witnesses' estimates is not so significant as to nullify the State's evidence of Roberts' guilt in light of the other evidence against him (i.e., being on the property and smelling of gasoline). A reasonable trier of fact could infer that one or more of these time estimates was not exactly precise by a matter of minutes, but nonetheless ultimately contributed to a conclusion that Roberts was guilty beyond a reasonable doubt.

We have reviewed the trial evidence and conclude that there is substantial evidence upon which a reasonable trier of fact, considering the evidence and reasonable inferences, could have found that the prosecution sustained its burden of proving beyond a reasonable doubt that Roberts set the fire at the residence.

## III.

## CONCLUSION

There is substantial evidence to support Roberts' conviction for arson in the first degree. Accordingly, Roberts' judgment of conviction is affirmed.

Chief Judge MELANSON and Judge HUSKEY **CONCUR**.