701 P.2d 303

**STATE of Idaho, Plaintiff-Respondent,**

v.

**Ivan Perry DECKER, Defendant-Appellant.**

**No. 15695.**

Court of Appeals of Idaho.

May 31, 1985.

Alan E. Trimming, Ada County Public Defender, Boise, for defendant-appellant.

Jim Jones, Atty. Gen., Lynn E. Thomas, Sol. Gen., Boise, for plaintiff-respondent.

PER CURIAM.

In August 1983, Rod Peterson, a motor home dealer, loaned a pickup truck to Ivan Perry Decker. Decker failed to return it. He was subsequently charged with grand theft, I.C. §§ 18–2403(1), 18–2407(1). After a jury trial, he was convicted. He now appeals, challenging only the sufficiency of the evidence to sustain the conviction. Specifically, he contends the evidence was insufficient to prove that he "intended to permanently deprive the victim of the use [or] benefit of the vehicle." [1] We affirm.

■ Appellate review of the sufficiency of the evidence is limited in scope. A judgment of conviction, entered upon a jury verdict, will not be set aside where there is substantial evidence upon which any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *State v. Filson*, 101 Idaho 381, 386, 613 P.2d 938, 943 (1980). "[W]e are precluded from substituting our judgment for that of the jury as to the credibility of witnesses, the weight of the testimony, and the reasonable inferences to be drawn from the evidence." *State v. Campbell*, 104 Idaho 705, 718–19, 662 P.2d 1149, 1162–63 (Ct. App.1983). Furthermore, we view the evidence in the light most favorable to the respondent. *State v. Fenley*, 103 Idaho 199, 203, 646 P.2d 441, 445 (Ct.App.1982).

■ We have reviewed the evidence under these standards. The state's evidence shows that Decker wanted to purchase a motor home from Peterson but that a problem arose concerning credit approval from the bank. The problem could not be resolved until the next day. Because Decker was on foot, Peterson loaned him a pickup truck to be used overnight. Rather than

returning the vehicle the next day, Decker drove it to Durango, Colorado, where he was eventually arrested. The jury reasonably could infer that Decker intended to deprive Peterson of the pickup.

The judgment of conviction is, therefore, affirmed.

---

1. Decker's argument, in so far as it presumes that theft requires intent to deprive the owner of his property "permanently," fails to take account of the modern language of I.C. § 18–2403. Decker was prosecuted under the modern statute.