706 P.2d 80

**STATE of Idaho, Plaintiff-Respondent,**

v.

**David POULIGNOT, Defendant-Appellant.**

**No. 15775.**

Court of Appeals of Idaho.

Aug. 29, 1985.

Michael E. Powers, Twin Falls, for defendant-appellant.

Jim Jones, Atty. Gen., Lynn E. Thomas, Sol. Gen., A Rene Fitzpatrick, Deputy Atty. Gen., for plaintiff-respondent.

PER CURIAM.

A jury found David Poulignot guilty of rape, of first degree burglary and of ag-

gravated assault. Judgments of conviction were entered and Poulignot appeals, contending the evidence presented at trial was not sufficient to support the jury's verdicts. As subordinate issues—based on the same alleged insufficiency of the evidence—Poulignot asserts the district court erred in denying his motion for a directed verdict of acquittal made at the close of the evidence, and his alternative motion for judgment of acquittal or for a new trial, made after the jury's verdicts were returned. We affirm.

The victim testified to the following facts. While at a bar one evening with a female companion, the victim was introduced to Poulignot by another person, who was related to Poulignot and acquainted with the victim. Poulignot made advances to the victim, which she resisted. Later that same evening, after she had returned to her home, Poulignot appeared at the house. He knocked at the door. She looked out through a window, recognized him, and opened the door to tell him to leave. Poulignot pushed the door open, entered the house, placed a knife to the victim's back and shut the door. He told her to be quiet or he would kill her. She felt the point of the knife poking her. He escorted her to her bedroom, removed her clothing in spite of her resistance, had intercourse with her, and then left. The entire incident in the house lasted approximately fifteen minutes.

On appeal, Poulignot points to numerous alleged inconsistencies in the versions of events testified to by several of the state's witnesses, including the victim, her female companion at the bar, and the victim's ten-year old son who was in the victim's home when the alleged offenses occurred. Poulignot argues that the alleged conflicts and inconsistencies in the testimonial evidence resulted in "a verdict based upon something other than reliable and credible 'facts'." We disagree.

The reliability and credibility of the evidence presented at trial was a matter for the jury to determine. We are not at liberty to reconcile inconsistencies in the evidence or to weigh the evidence or to decide the justifiable inferences that may be drawn from the evidence. Those are matters for the jury. On appeal, our review of the sufficiency of the evidence is limited to a determination of whether there is substantial evidence from which the jury rationally could find, beyond a reasonable doubt, that Poulignot committed rape, first degree burglary, and aggravated assault on the night in question. *State v. Filson*, 101 Idaho 381, 613 P.2d 938 (1980), *citing Jackson v. Virginia*, 443 U.S. 307, 325, 99 S.Ct. 2781, 2792, 61 L.Ed.2d 560 (1979). *See also State v. Decker*, 108 Idaho 683, 701 P.2d 303 (Ct.App.1985). In this case we conclude that such evidence exists.

The judgments of conviction, and the orders denying post-judgment motions, are affirmed.