67 P.3d 111

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Jennifer HARGROVE, Defendant–Appellant.**

No. 28212.

Court of Appeals of Idaho.

March 27, 2003.

Petersen Parkinson, P.C., Idaho Falls, for appellant. Dennis R. Peterson argued.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent. Lori A. Fleming argued.

PERRY, Judge.

Jennifer Hargrove appeals from the district court's appellate decision affirming the judgment of conviction and sentence entered by the magistrate after finding Hargrove guilty of misdemeanor computer crime. We reverse the district court's order and reverse Hargrove's judgment of conviction entered by the magistrate.

## I.

### FACTS AND PROCEDURE

From approximately April 1990 through August 1999, Hargrove was employed by the owner of an insurance agency that represented Farmers Insurance Group. During this time, Hargrove first worked as a general secretary and later sold insurance policies as a licensed agent. In order to perform her duties, Hargrove had been given authorization to access client information stored as paper records in file cabinets and stored in a computer database. Hargrove frequently accessed this information and used a printed client list generated by computer.

When Hargrove left the agency in August 1999 to sell insurance for Allstate Insurance Company, she no longer had authorization to access the client information contained in the file cabinets and computer database, nor was she entitled to use the printed client list. However, Hargrove mistakenly assumed that she was authorized to take the list and, in fact, used the list to solicit clients for her own business.

In October or November 1999, Hargrove made contact with a Farmers client whom Hargrove had assisted while working at the Farmers agency. At that time, the client was maintaining her insurance policies with Farmers. Hargrove suggested that the client consider the benefits of acquiring Allstate insurance policies. The client declined Hargrove's invitation, informing Hargrove that she would continue with her Farmers insurance policies. The client did, however, express an interest in obtaining a life insurance policy from Allstate because she had been denied coverage by other companies. The client eventually went to Hargrove's office and met with another agent to discuss life insurance. During one of the client's visits to the office, Hargrove delivered quotes on Allstate policies for renter's and automobile insurance. On one of the quotes, Hargrove noted that she would provide a quote for the client's commercial insurance needs at a later time. The client claimed that she had not given Hargrove the information necessary to generate the quotes and that Hargrove said she did not need that information from the client.

On May 23, 2000, the state filed a misdemeanor criminal complaint against Hargrove, charging her with having knowingly gained unauthorized access to her former employer's computer records and files. I.C. § 18–2202(3). After a bench trial before a magistrate, Hargrove was found guilty. The magistrate subsequently entered a judgment of conviction, sentenced Hargrove to thirty days in the county jail, imposed a $300 fine, and ordered payment of court costs. Hargrove appealed to the district court, which affirmed.

Hargrove again appeals, claiming that the evidence presented at trial was insufficient to support the magistrate's finding of guilt. Hargrove also argues that, even if the magistrate's finding was correct, her sentence is excessive.

## II.

### ANALYSIS

On review of a decision of the district court, rendered in its appellate capacity, we examine the record of the trial court independently of, but with due regard for, the district court's intermediate appellate decision. *State v. Bowman*, 124 Idaho 936, 939, 866 P.2d 193, 196 (Ct.App.1993). Appellate review of the sufficiency of the evidence is limited in scope. A judgment of conviction

will not be overturned on appeal where there is substantial evidence upon which a reasonable trier of fact could have found that the prosecution sustained its burden of proving the essential elements of a crime beyond a reasonable doubt. *State v. Herrera–Brito,* 131 Idaho 383, 385, 957 P.2d 1099, 1101 (Ct. App.1998); *State v. Knutson,* 121 Idaho 101, 104, 822 P.2d 998, 1001 (Ct.App.1991). We will not substitute our view for that of the trier of fact as to the credibility of the witnesses, the weight to be given to the testimony, and the reasonable inferences to be drawn from the evidence. *Knutson,* 121 Idaho at 104, 822 P.2d at 1001; *State v. Decker,* 108 Idaho 683, 684, 701 P.2d 303, 304 (Ct. App.1985). Moreover, we will consider the evidence in the light most favorable to the prosecution. *Herrera–Brito,* 131 Idaho at 385, 957 P.2d at 1101; *Knutson,* 121 Idaho at 104, 822 P.2d at 1001.

Idaho Code Section 18–2202(3) provides that any "person who knowingly and without authorization uses, accesses, or attempts to access any computer, computer system, or computer network ... or any computer software, program, documentation or data contained in such computer, computer system, or computer network, commits computer crime." In this case, the state filed a criminal complaint charging that Hargrove "on or about August 1999 ... did, knowingly and without authorization, access the computer records and files" of her former employer, in violation of I.C. § 18–2202(3).

At trial, the state focused on the printed client list, arguing that Hargrove's use of the list fell within the types of computer use and access prohibited by I.C. § 18–2202(3). The magistrate declined to decide whether the printed client list would ever qualify as a basis for violation of the computer crime statute, but, instead, held that Hargrove "actually went into the computer-data base itself and retrieved information about [her former employer's] clients." The magistrate stated that the credibility of the witnesses was a crucial factor in his decision. On appeal, the district court held that substantial circumstantial evidence supported the magistrate's finding that, beyond a reasonable doubt, Hargrove accessed the computer database and copied the information necessary to make the insurance quotes when she had no authorization to do so.

As noted previously, Hargrove, on appeal to this Court, argues that the evidence was insufficient to support the magistrate's finding that Hargrove actually accessed her former employer's computer database without authorization. The state argues that substantial evidence supports the magistrate's finding.

Neither party disputes that Hargrove used the printed client list to solicit clients for her own business, nor does either party dispute that Hargrove provided the Farmers client with Allstate insurance quotes after Hargrove left the Farmers agency. The dispute centers on where and when Hargrove obtained the information necessary to generate the Allstate quotes.

To show that the information used in the Allstate insurance quotes was obtained from the computer database at a time when Hargrove was not authorized to access the database, the state offered the testimony of Hargrove's former employer. He testified that the quotes could have been generated with information available only in his computer. However, this testimony was contradicted by later testimony of the same witness, as well as other evidence presented by the state. Hargrove's former employer contradicted himself by testifying that the information stored in the computer database was also stored in paper files accessible by Hargrove during her employment. Testimony from other state witnesses also showed that the information was available elsewhere. The client for whom the quotes were provided testified that she met Hargrove approximately three years prior to trial while Hargrove worked for the Farmers agency. Approximately one and one-half years before trial, the client had given Hargrove the information necessary to obtain Farmers insurance policies for her vehicles. This information included data regarding vehicles, drivers, and drivers' licenses. When any information in the client's policies required updates, the client worked with Hargrove to make the changes. The client testified that the information she had given Hargrove while Har-

grove worked at the Farmers agency was the same information Hargrove used to generate the Allstate insurance quotes after Hargrove left Farmers. The insurance quotes themselves appear to contain information that could have been obtained from other sources. The state's assertion that Hargrove could have obtained the information only from the computer database was unproven. Therefore, it offers no support to the magistrate's finding that Hargrove actually accessed the database.

Even if the information used to generate the Allstate quotes had not been available from sources other than the computer database, the evidence presented at trial was insufficient to show that the database was accessed by Hargrove *at a time when she lacked authorization to do so.* Testimony of state witnesses at trial showed that Hargrove was, in fact, authorized to access client information stored on the computer database until she left the Farmers agency in August 1999. Any use of the computer or computer database prior to leaving in August 1999 would not have violated I.C. § 18–2202(3). Only after leaving the Farmers agency in August 1999 was Hargrove no longer authorized to access the computer database. The state provided no evidence to show that Hargrove had the ability to access the computer database after she left the Farmers agency. Hargrove's former employer testified that an ordinary individual not currently employed in his office would likely not be able to access his computer database from a location other than his office. He further testified that, to his knowledge, Hargrove had never been back to his office since she left in August 1999. The state offered no evidence that Hargrove actually accessed the computer database after leaving Farmers, the only time period for which she no longer had authorization to do so.

In sum, the magistrate's finding that Hargrove actually accessed the database at a time when she lacked authority is not sufficiently supported by the trial evidence. The information on the computer database was available to Hargrove from other sources, including printouts or photocopies that she could have made, with authority, before her departure from Farmers. Client information was also available on paper in file cabinets stored at the Farmers agency. Furthermore, the state's own evidence showed that Hargrove likely had no ability to access the computer database after she left the agency. We conclude that the magistrate's finding of guilt was not supported by substantial evidence proving each element of Hargrove's alleged crime beyond a reasonable doubt.

Accordingly, the district court's order affirming the magistrate's finding of guilt is reversed. Therefore, Hargrove's judgment of conviction must be reversed. We need not address Hargrove's argument that the sentence imposed by the magistrate was excessive.

Chief Judge LANSING and Judge GUTIERREZ, CONCUR.