Judge MELANSON
dissenting.
I respectfully dissent. In State v. Cudd, 137 Idaho 625, 51 P.3d 439 (Ct.App.2002), this Court ruled that the victim’s (and not the perpetrator’s) reasonable perception of whether the weapon used in an assault is a deadly weapon is dispositive. That ease involved the defendant aiming an unloaded crossbow at the victim, which the victim believed to be loaded. The Court’s ruling was based, in part, upon the rationale that the gravamen of the crime of assault is the effect of the perpetrator’s conduct upon the perception and emotion of the victim. In my view, the same rationale should be extended to apply here. When Escudero answered Gordon’s phone, Curry told him, “I’m coming for you, buddy.” A short time later, Curry came to the residence as promised, entered the garage where Escudero was, threw a bag of Ferro’s clothing, kicked over a coffee table, and was yelling about money Escudei’o owed him. During this time, Curry kept one hand in his pocket. When Escudero picked up a metal pipe, Curry slightly withdrew his hand from his pocket revealing part of a black object (which Escudero testified he believed to be the handle of a handgun) and said to Escudero, “Do you want to go?” In short, Curry threatened Escudero that he was coming for him and he did so. When Escudero armed himself, Curry displayed part of a black object in his pocket and challenged Escudero to fight. In my view, under these circumstances it was reasonable for Escudero to believe that Curry had a deadly weapon in his pocket and it is also almost certainly what Curry wanted him to believe. Escudero’s reasonable belief was relevant competent evidence that the object in Curry’s pocket was a deadly weapon.
In reviewing the sufficiency of the evidence for a judgment of conviction entered upon a jury verdict, we do not substitute our view for that of the jury as to the credibility of the witnesses, the weight to be given to the testimony, and the reasonable inferences to be drawn from the evidence. State v. Knutson, 121 Idaho 101, 104, 822 P.2d 998, 1001 (Ct.App.1991); State v. Decker, 108 Idaho 683, 684, 701 P.2d 303, 304 (Ct.App.1985). Moreover, we consider the evidence in the light most favorable to the prosecution. State v. Herrera-Brito, 131 Idaho 383, 385, 957 P.2d 1099, 1101 (Ct.App.1998); Knutson, 121 Idaho at 104, 822 P.2d at 1001. Applying these standards, I conclude that the convictions for aggravated assault and burglary should be affirmed. Therefore, with respect, I dissent.