IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 38740

| STATE OF IDAHO, | ) | 2012 Unpublished Opinion No. 605 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: August 24, 2012 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| JEFFERY T. LISH, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Sixth Judicial District, State of Idaho, Bannock County. Hon. David C. Nye, District Judge.

Judgment of conviction for stalking in the first degree, affirmed.

Sara B. Thomas, State Appellate Public Defender; Spencer J. Hahn, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Jason M. Gray, Deputy Attorney General, Boise, for respondent.

_____

MELANSON, Judge

Jeffery T. Lish appeals from his judgment of conviction for stalking in the first degree. For the reasons set forth below, we affirm.

After a jury trial, Lish was found guilty of stalking in the first degree. I.C. §§ 18-7905 and 18-7906. Lish was sentenced to a unified term of three years, with a minimum period of confinement of one and one-half years, and the district court retained jurisdiction. After a review hearing, the district court relinquished jurisdiction and ordered execution of Lish's underlying sentence. Lish appeals.

Lish argues that there was insufficient evidence to support the jury's verdict pursuant to I.C. § 18-7906. Appellate review of the sufficiency of the evidence is limited in scope. A guilty verdict will not be overturned on appeal where there is substantial evidence upon which a reasonable trier of fact could have found that the prosecution sustained its burden of proving the essential elements of a crime beyond a reasonable doubt. *State v. Herrera-Brito*, 131 Idaho 383,

385, 957 P.2d 1099, 1101 (Ct. App. 1998); *State v. Knutson*, 121 Idaho 101, 104, 822 P.2d 998, 1001 (Ct. App. 1991). We will not substitute our view for that of the trier of fact as to the credibility of the witnesses, the weight to be given to the testimony, and the reasonable inferences to be drawn from the evidence. *Knutson*, 121 Idaho at 104, 822 P.2d at 1001; *State v. Decker*, 108 Idaho 683, 684, 701 P.2d 303, 304 (Ct. App. 1985). Moreover, we will consider the evidence in the light most favorable to the prosecution. *Herrera-Brito*, 131 Idaho at 385, 957 P.2d at 1101; *Knutson*, 121 Idaho at 104, 822 P.2d at 1001.

A person commits stalking pursuant to I.C. § 18-7906(1)(a) when that person engages in a course of conduct that seriously alarms, annoys, or harasses the victim and is such as would cause a reasonable person substantial emotional distress. Lish first asserts that the evidence presented at trial did not establish that Lish engaged in a prohibited course of conduct.

Under I.C. § 18-7906(2)(a), "course of conduct" means repeated acts of nonconsensual contact involving the victim or a family or household member of the victim provided, however, that constitutionally-protected activity is not included within the meaning of this definition. "Nonconsensual contact" means any contact with the victim that is initiated or continued without the victim's consent, that is beyond the scope of the consent provided by the victim, or that is in disregard of the victim's expressed desire that the contact be avoided or discontinued. I.C. § 18-7906(2)(c).

The following testimony of the victim and two officers was adduced at trial. The victim ended a dating relationship with Lish on March 25, 2010. On March 28, after the victim told Lish not to come to her house, Lish did so anyway and banged on the door. On March 30, Lish appeared at the victim's house unannounced and banged on the door. These two contacts were made without the victim's consent. Thereafter, an officer contacted Lish at the request of the victim and informed Lish of the victim's complaints of unwanted contact. Specifically, the officer told Lish that he could not contact the victim via phone, text message, or other form of electronic media and was not to come to her residence or place of employment. However, Lish proceeded to go to the victim's place of employment and discovered that the victim was not there. Lish admits that this was done in disregard of the victim's expressed desire that the contact be avoided. As of April 3, Lish had been informed by one officer to not have contact with the victim at the church that Lish and the victim attended in an attempt to pursue reconciling the relationship. Lish was informed by another officer that, while he could attend

church, he could not have any contact with the victim while there. The victim testified that Lish appeared at church on the evening of April 3 before the service began. It appeared to the victim that Lish pointed what she believed was a camera at her while he watched her practice with her band. When the church service ended, Lish stood by the front door of the church and took a step forward to ask if he could hold the victim's daughter when the victim tried to exit. Such contact was made in disregard of the victim's expressed desire that the contact be avoided. Thus, we conclude that there was substantial evidence presented at trial upon which a reasonable trier of fact could have found beyond a reasonable doubt that Lish engaged in repeated acts of nonconsensual contact involving the victim.

Lish also asserts that the evidence did not establish that the victim was seriously annoyed, alarmed, or harassed or that a reasonable person in her position would have suffered substantial emotional distress. The victim testified at trial as follows. When Lish came to her house without her consent on March 28 and banged on the door, she was scared and angry. When Lish came to her house unannounced on March 30 and banged on the door, she was shocked, but decided to open the door to tell Lish he needed to leave. Upon opening the door, Lish walked in uninvited and informed the victim that he had been at the courthouse filing charges against the victim's ex-husband because the ex-husband left a message on Lish's phone informing Lish that, if he contacted the victim anymore, the victim would go to the police. The victim felt Lish was threatening her ex-husband and was upset and angry. When Lish came to church before the service on April 3, and watched the victim practice with her band, the victim was very annoyed and it made her extremely uncomfortable. After the church service, when the victim saw that Lish was standing by the front door, she was very annoyed because she did not want to make contact with him. By this testimony, we conclude that there was substantial evidence presented at trial upon which a reasonable trier of fact could have found beyond a reasonable doubt that the victim was seriously annoyed, alarmed, or harassed, and that a reasonable person in her position would have suffered substantial emotional distress. Therefore, Lish's judgment of conviction for stalking in the first degree is affirmed.

Judge LANSING and Judge GUTIERREZ, **CONCUR.**