**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 40315**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2013 Unpublished Opinion No. 671 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: September 20, 2013 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| DERICK BRUCE DEGNAN, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Seventh Judicial District, State of Idaho, Bonneville County. Hon. Joel E. Tingey, District Judge.

Judgment of conviction for possession of a controlled substance, <u>affirmed</u>.

Greg S. Silvey, Star, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Daphne J. Huang, Deputy Attorney General, Boise, for respondent.

_____

MELANSON, Judge

Officers responded to a report that a wanted subject was staying in a motel room in Idaho Falls. Officers knocked on the door to the room and Derick Bruce Degnan responded. Degnan informed the officers that the woman they were searching for was not in the room. However, officers observed a woman climbing out of a window in the motel's bathroom. While officers apprehended the woman, Degnan left the scene in his vehicle. An officer later located Degnan's vehicle outside of a storage shop. The officer detained Degnan and began to question him regarding the incident at the motel and why he left the scene. During this time, other officers arrived, including a canine handler and his narcotics dog. While performing a search of the exterior of Degnan's vehicle, the narcotics dog indicated the presence of drugs. The handler opened the vehicle door and the dog began to search the interior compartment. The dog sat on the center console and alerted to both the center console and the ashtray. The dog pawed at the ashtray and it opened.

Officers then searched the vehicle. Inside, an officer smelled the odor of marijuana. In the ashtray, officers discovered what appeared to be marijuana flakes. Behind the ashtray, officers observed a plastic baggie. The baggie contained a white, crystal-like substance. An officer also observed pieces of cut cigarette filters, items later testified to as being used when injecting methamphetamine. Additionally, the officers located a pipe used for smoking drugs and the empty cylinder of a pen with a white powdery substance in it. A forensic examiner later tested the white crystal-like substance in the baggie and confirmed it was methamphetamine.

The state charged Degnan with felony possession of a controlled substance (methamphetamine). I.C. § 37-2732(c)(1). Degnan proceeded to jury trial and was thereafter found guilty. This appeal follows.[1]

Degnan argues the state presented insufficient evidence to sustain the jury's finding of guilt for possession of methamphetamine. Specifically, Degnan argues that the methamphetamine was more likely to be that of the previous owner of the vehicle--the woman seen leaving the motel room.

Appellate review of the sufficiency of the evidence is limited in scope. A finding of guilt will not be overturned on appeal where there is substantial evidence upon which a reasonable trier of fact could have found that the prosecution sustained its burden of proving the essential elements of a crime beyond a reasonable doubt. *State v. Herrera-Brito*, 131 Idaho 383, 385, 957 P.2d 1099, 1101 (Ct. App. 1998); *State v. Knutson*, 121 Idaho 101, 104, 822 P.2d 998, 1001 (Ct. App. 1991). We will not substitute our view for that of the trier of fact as to the credibility of the witnesses, the weight to be given to the testimony, and the reasonable inferences to be drawn from the evidence. *Knutson*, 121 Idaho at 104, 822 P.2d at 1001; *State v. Decker*, 108 Idaho 683, 684, 701 P.2d 303, 304 (Ct. App. 1985). Moreover, we will consider the evidence in the light most favorable to the prosecution. *Herrera-Brito*, 131 Idaho at 385, 957 P.2d at 1101; *Knutson*, 121 Idaho at 104, 822 P.2d at 1001.

The jury was instructed that, to find Degnan guilty of possession of methamphetamine, the state must prove that Degnan possessed methamphetamine and he knew it was

[1] The case was consolidated with a misdemeanor case arising out of the same incident in which Degnan was charged with possession of marijuana, possession of drug paraphernalia, and unlawful transportation of alcoholic beverages. While Degnan was found guilty of possession of drug paraphernalia and unlawful transportation of alcoholic beverages charges, he does not challenge those convictions on appeal.

methamphetamine. The jury was instructed that a person has possession of something if he or she knows of its presence and has physical control of it or the power and intention to control it. The jury was also instructed that more than one person can be in possession of something if each knows of its presence and has the power and intention to use it. Degnan does not assert on appeal that these instructions were erroneous.

At trial, the state presented evidence that Degnan lied about the presence of the wanted person in the hotel room and then fled the scene in his vehicle. Then, when officers approached Degnan's vehicle to search it, he became visibly nervous. According to one of the officers, Degnan's "legs started shaking, his foot was tapping up and down, and he was fidgeting in the back" of the officer's vehicle. The state presented evidence that a narcotics dog detected the presence of illegal drugs in Degnan's vehicle, specifically in the center console and ashtray. When officers searched inside the vehicle, they found a baggie with a white, crystal-like substance and drug paraphernalia. An officer testified that, although the area around the baggie was covered in dust, the baggie itself was not dusty. The state called a forensic scientist from the state laboratory who testified that she conducted tests on the substance found in the baggie and determined that the substance was methamphetamine. The officer also testified that she discovered pieces of cut cigarette filters. The officer explained that these items are used as a filter when injecting methamphetamine. In addition, the state entered into evidence an empty cylinder to a pen with a white, powdery substance in it which was found in Degnan's vehicle. The officer testified that methamphetamine, aside from being injected, can also be smoked or snorted through such a cylinder.

While Degnan argues that evidence adduced at trial also supported the theory that the methamphetamine belonged to another user of the vehicle or the previous owner, this alone is not enough to demonstrate that the evidence was insufficient. *See State v. Severson*, 147 Idaho 694, 712, 215 P.3d 414, 432 (2009) (even when circumstantial evidence could be interpreted consistently with a finding of innocence, it will be sufficient to uphold a guilty verdict when it also gives rise to reasonable inferences of guilt). Based on the evidence adduced at trial, a reasonable trier of fact could have found that the prosecution sustained its burden of proving the essential elements of possession of methamphetamine. Thus, Degnan's claim that there was insufficient evidence to support the jury's finding of guilt fails. Accordingly, Degnan's judgment of conviction for possession of a controlled substance is affirmed.

Chief Judge GUTIERREZ and Judge LANSING, **CONCUR.**

3