# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 44872

STATE OF IDAHO,

        Plaintiff-Respondent,

v.

SHAWN JERRI COATS,

        Defendant-Appellant.

)
)  Filed:  August 20, 2018
)
)  Karel A. Lehrman, Clerk
)
)
)
)
)
)

---

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County.  Hon. Richard D. Greenwood, District Judge.

Judgment of conviction for Count VII, criminal possession of a financial transaction card, <u>affirmed</u>; judgment of conviction for Count V, grand theft, <u>vacated</u> and <u>case remanded</u>.

Eric D. Fredericksen, State Appellate Public Defender; Jenevieve C. Swinford, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Russell J. Spencer, Deputy Attorney General, Boise, for respondent.

---

GUTIERREZ, Judge

Shawn Jerri Coats appeals from his convictions for one count of grand theft and one count of criminal possession of a financial transaction card.[1]  Coats makes two arguments on appeal:  that there was insufficient evidence that he stole retail goods or services from an owner to support a conviction for grand theft and alternately, that his contested count of grand theft and the count of criminal possession of a financial transaction card arose from the same factual circumstances such that punishment for both violated his right to be free from double jeopardy

---

[1]  Throughout the briefs, Coats and the State both refer to Count VII as "fraudulent use of a financial transaction card."  Coats was not charged under Idaho Code § 18-3124, fraudulent use of a financial transaction card, but rather he was charged under I.C. § 18-3125(4), criminal possession of a financial transaction card.

1

under the Idaho Constitution. For the reasons provided below, we affirm the judgment of conviction for Count VII, criminal possession of a financial transaction card, and vacate the judgment of conviction for Count V, grand theft.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

One evening, as Coats was visiting at the victim's house, the victim told Coats that the victim was financially strained and unable to pay his bills. Coats offered to help the victim by writing a check and depositing it into the victim's bank account. The two drove to a nearby bank, and the victim deposited the check into his account using his debit card. Coats then told the victim that Coats needed some money, so Coats wrote another check, which the victim deposited into his account, withdrawing over half of the amount and giving it to Coats. The two returned to the victim's home, and Coats asked to borrow the victim's truck. The victim agreed to lend his truck to Coats and went to bed.

Over the next two days, multiple checks were deposited into the victim's account and Coats, using the victim's debit card, purchased multiple items from a store, including prepaid credit cards. The bank suspected fraudulent activity and shut down the account.

The State charged Coats with eight offenses: Count I - grand theft (I.C. §§ 18-2403(1), 18-2407(1)(b)(3), 18-2409) for wrongfully taking a financial transaction card from the victim; Count II - grand theft (I.C. §§ 18-2403(1), 18-2407(1)(b)(1), 18-2409) for wrongfully taking over $1,000 in cash from the victim; Count III - forgery (I.C. §§ 18-3601) for passing a check on an account payable to the victim's account in the amount of $975; Count IV - forgery (I.C. §§ 18-3601) for passing a check on an account payable to the victim's account in the amount of $990; Count V - grand theft (I.C. §§ 18-2403(1), 18-2407(1)(b)(9), 18-2409) for wrongfully taking retail goods or services with an aggregate value over $50, stolen during three or more incidents, in a criminal episode up to three days, from the owner, the victim and/or the store; Count VI - forgery (I.C. §§ 18-3601) for passing a check on an account payable to the victim's account in the amount of $995; Count VII -criminal possession of a financial transaction card (I.C. §§ 18-3125(4), 18-3128) for knowingly obtaining goods and/or property from a store by using a fraudulently obtained financial transaction card; Count VIII - criminal possession of a financial transaction card (I.C. §§ 18-3125(4), 18-3128) for knowingly obtaining goods and/or property from a store by using a fraudulently obtained financial transaction card. The State

2

additionally charged Coats as a persistent violator. Coats pleaded not guilty to all counts and proceeded to a jury trial.

The jury returned guilty verdicts on all counts of grand theft and forgery and on one count of criminal possession of a financial transaction card. The jury additionally returned a guilty verdict on the persistent violator enhancement. The jury returned a not guilty verdict on one count of criminal possession of a financial transaction card. For each count, the district court imposed a unified fifteen-year sentence, with five years determinate. The sentences were to be served concurrently. Coats timely appeals.

## II.

## ANALYSIS

On appeal, Coats argues as to Count V that there was insufficient evidence he stole any retail goods or services from the owner of the goods or services, requiring vacating his conviction of Count V. Alternatively, Coats argues that conviction and punishment for both Count V and Count VII violate his right to be free of double jeopardy as they arise out of the same factual predicate. Because the resolution of the sufficiency of the evidence issue regarding the conviction for Count V, grand theft, is dispositive, we need not address the double jeopardy issue.[2]

Appellate review of the sufficiency of the evidence is limited in scope. A finding of guilt will not be overturned on appeal where there is substantial evidence upon which a reasonable trier of fact could have found that the prosecution sustained its burden of proving the essential elements of a crime beyond a reasonable doubt. *State v. Herrera-Brito*, 131 Idaho 383, 385, 957 P.2d 1099, 1101 (Ct. App. 1998); *State v. Knutson*, 121 Idaho 101, 104, 822 P.2d 998, 1001 (Ct. App. 1991). We will not substitute our view for that of the trier of fact as to the credibility of the witnesses, the weight to be given to the testimony, and the reasonable inferences to be drawn from the evidence. *Knutson*, 121 Idaho at 104, 822 P.2d at 1001; *State v. Decker*, 108 Idaho 683,

---

[2] In this appeal, Coats only challenges Count VII based on double jeopardy grounds. He concedes there was sufficient evidence to support the conviction on Count VII. The State concedes that whereas Count VII is a lesser included offense, conviction on both counts is a violation of both the federal and state Double Jeopardy Clauses. However, because we conclude there was insufficient evidence for his judgment of conviction for Count V, resulting in that conviction being vacated, Coats will not receive multiple punishments for the same offense, and thus double jeopardy is not implicated. *See Schiro v. Farley*, 510 U.S. 222, 229 (1994); *State v. McKeeth*, 136 Idaho 619, 624, 38 P.3d 1275, 1280 (Ct. App. 2001).

684, 701 P.2d 303, 304 (Ct. App. 1985). Moreover, we will consider the evidence in the light most favorable to the prosecution. *Herrera-Brito*, 131 Idaho at 385, 957 P.2d at 1101; *Knutson*, 121 Idaho at 104, 822 P.2d at 1001.

Idaho Code § 18-2403(1) provides: "A person steals property and commits theft when, with intent to deprive another of property or to appropriate the same to himself or to a third person, he wrongfully takes, obtains or withholds such property from an *owner* thereof." (Emphasis added.) In Count V, Coats was charged in pertinent part with "wrongfully obtain[ing] retail goods or services . . . from the owner." Count V identifies the "owner" that was allegedly stolen from as the store and/or the victim.

There is no dispute that the store, at some point, was the owner of the goods and or services. However, Coats argues that in order to prove all the elements of Count V, the State was required to prove that the goods or services were stolen from the store. Because Coats paid for the merchandise from the store, albeit with a stolen debit card, Coats argues the State failed to prove that the goods were "stolen" from the store. The State does not present any argument regarding the store as the owner of the retail goods or services, presumably because the store received payment for the goods, and that is not in dispute.

Whether the victim constitutes an owner of the retail goods or services presents a more challenging question. For purposes of determining another person's ownership as an element of theft, an "owner" is "any person who has a right to possession thereof superior to that of the taker, obtainer or withholder." I.C. § 18-2402(6). Ultimately, Coats argues that the victim never owned the items, and therefore Coats did not take or obtain the retail goods or services from the victim. Coats also argues the victim did not have a right of possession to the goods or services that were purchased from the store and therefore was not the owner of the retail goods or services. The State argues that because the victim's debit card was used to acquire the goods from the store, the victim's claim to the goods was superior to Coats's claim, thus making the victim an owner for purposes of Count V.

While neither the State nor Coats provide any authority for their arguments regarding the victim's ownership rights in the goods purchased from the store, we are unaware of any law, in this state or elsewhere, which grants a possessory right in goods or services to a person whose stolen financial transaction card was used to purchase the goods or services. We cannot conclude as a matter of law that such a possessory right exists. Without a possessory right to the

4

goods or services, the victim cannot be fairly deemed the "owner" of goods or services purchased from the store. Accordingly, there was insufficient evidence for a reasonable juror to find all the elements of Count V beyond a reasonable doubt.

## III.

## CONCLUSION

There was insufficient evidence to prove beyond a reasonable doubt that Coats stole goods or services from an owner. Accordingly, the judgment of conviction for Count V, grand theft is vacated. Because the grand theft conviction in Count V is vacated, no double jeopardy issue exists. Therefore, the judgment of conviction for Count VII is affirmed. The remaining convictions are not at issue and are unaffected by this opinion. The case is remanded with instructions to enter a judgment of acquittal for Count V.

Judge HUSKEY **CONCURS**.

Judge LORELLO, **DISSENTING**

I respectfully dissent. In my view, there was sufficient evidence to support the jury's verdict finding Coats guilty of grand theft as alleged in Count V. I would, therefore, affirm Coats' judgment of conviction on Count V.

The jury was instructed that, to find Coats guilty of grand theft, the State must prove, in relevant part, that: (1) Coats wrongfully obtained retail goods; (2) from an owner; (3) with the intent to deprive the owner of the property or to appropriate the property. As the majority notes, a finding of guilt will not be overturned where there is substantial evidence upon which a reasonable trier of fact could have found the essential elements of a crime beyond a reasonable doubt. *State v. Herrera-Brito*, 131 Idaho 383, 385, 957 P.2d 1099, 1101 (Ct. App. 1998). Applying this standard, I would hold there was sufficient evidence from which the jury could conclude that: (1) Coats wrongfully obtained retail goods by unlawfully using someone else's debit card to pay for the goods; (2) from an owner (Walmart); (3) with the intent to deprive the owner of the property or to appropriate the property.

On appeal, the parties' sufficiency of the evidence debate centers on who owned the property at the time it was obtained. Coats argues that, although the evidence showed he fraudulently used someone else's debit card to purchase the goods, this was insufficient to prove grand theft because neither Walmart nor the legal cardholder were "victims" of a theft. Coats reasons that no goods were stolen from Walmart because Walmart was "paid in full for all of the

5

purchases"[1] and no goods were stolen from the legal cardholder because the legal cardholder "did not own or even possess" the goods. The State argues that the evidence was sufficient because the legal cardholder was the owner in that he had a "superior claim on those goods." I do not think we need to decide whether the legal cardholder had a superior claim on the goods as argued by the State because, as Coats appears to concede, Walmart was the owner at the time the goods were obtained.[2] Contrary to Coats' argument, it is of no import that Walmart ostensibly received payment at the time Coats obtained the goods. Rather, the jury was instructed that, to find Coats guilty of grand theft, it had to find Coats wrongfully obtained the goods from the owner. Evidence that Coats made unauthorized purchases at Walmart using someone else's debit card was substantial evidence from which the jury could conclude that Coats wrongfully obtained goods from Walmart. For this reason, I think there was sufficient evidence to support the jury's verdict and I would affirm the jury's finding of guilt on grand theft as alleged in Count V.

---

[1] Although Coats asserts "Walmart was paid in full for all of the purchases," it appears this assertion may be based on the absence of "evidence that Walmart did not receive the money for the retail goods or services." The lack of evidence that Walmart did not receive payment is not the same as evidence that Walmart was "paid in full."

[2] When a defendant raises a sufficiency of the evidence claim on appeal, our role is to determine whether there was substantial evidence upon which a reasonable trier of fact could have found the prosecution sustained its burden of proving the essential elements of the crime beyond a reasonable doubt. *State v. Calver*, 155 Idaho 207, 210, 307 P.3d 1233, 1236 (Ct. App. 2013). This Court is not limited to the State's argument on appeal in answering that question. If the evidence was sufficient to support the jury's verdict, the conviction should be affirmed.