**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 50598**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: May 28, 2024** |
| Plaintiff-Respondent, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| JAMES EARL SAULSBERRY, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Twin Falls County. Hon. Roger B. Harris, District Judge. Hon. Thomas D. Kershaw, Jr., Magistrate.

Judgment of conviction, affirmed.

Erik R. Lehtinen, State Appellate Public Defender; Jenny C. Swinford, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Justin R. Porter, Deputy Attorney General, Boise, for respondent.

_____

GRATTON, Chief Judge

James Earl Saulsberry appeals from his judgment of conviction for resisting and obstructing a police officer. Saulsberry argues that the district court erred in affirming the magistrate court's denial of his Idaho Criminal Rule 29 motion for judgment of acquittal. For the reasons set forth below, we affirm.

**I.**

**FACTUAL AND PROCEDURAL HISTORY**

Saulsberry was involved in a traffic stop conducted by a Twin Falls police officer. The officer stopped Saulsberry's vehicle for being illegally stopped on the roadway. The officer identified herself and explained why she stopped Saulsberry. She asked Saulsberry to provide his driver's license, registration, and proof of insurance. Saulsberry indicated that he was going to exercise his right to remain silent and refused to provide any of the requested documentation.

1

Saulsberry also refused to verbally provide his name. As a result of Saulsberry's silence and lack of other cooperation with the officer's request, the traffic stop lasted approximately forty minutes. Saulsberry was arrested for resisting and obstructing law enforcement, Idaho Code § 18-705.

The case proceeded to a jury trial where, after the close of the State's evidence, Saulsberry moved the magistrate court to dismiss his case pursuant to I.C.R. 29. Saulsberry argued that he had the right to remain silent and that his decision to not provide his driver's license, registration, and proof of insurance could not serve as the basis for a resisting and obstructing an officer charge under I.C. § 18-705 because I.C. § 49-316 governs the failure to surrender a license to an officer for inspection upon demand. The magistrate court denied Saulsberry's motion. The jury found Saulsberry guilty, and Saulsberry appealed to the district court.

On appeal, the district court affirmed the magistrate court's denial of Saulsberry's I.C.R. 29 motion. The district court reasoned that the evidence presented at trial was sufficient to support the jury's verdict finding Saulsberry guilty of obstructing and delaying as defined in I.C. § 18-705. Saulsberry again appeals.

## II.

## STANDARD OF REVIEW

The Court directly reviews decisions rendered by the district court sitting in its intermediate appellate capacity. *State v. Bell*, 172 Idaho 451, 455, 533 P.3d 1247, 1251 (2023). This Court reviews the magistrate court record to determine whether: (1) there is substantial and competent evidence to support the magistrate court's findings of fact; and (2) the magistrate court's conclusions of law are consistent with those findings. *Id*. If so, the Court affirms the district court's decision as a matter of procedure. *Id*.

## III.

## ANALYSIS

Saulsberry argues that he is entitled to a judgment of acquittal because the evidence shows that he did not provide his driver's license and did not identify himself, which he contends is punishable by I.C. § 49-316 and, thus, not punishable by I.C. § 18-705.

Idaho Criminal Rule 29 provides after the prosecution closes its evidence or after the close of all the evidence, the court on defendant's motion or on its own motion, must enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction. When reviewing a ruling on a Rule 29 motion for judgment of acquittal, we determine whether the

2

evidence was sufficient to sustain a conviction of the crime charged. *State v. Fields*, 127 Idaho 904, 912-13, 908 P.2d 1211, 1219-20 (1995). The evidence is sufficient to support the jury's guilty verdict if there is substantial evidence upon which a reasonable trier of fact could have found that the prosecution sustained its burden of proving the essential elements of the crime charged beyond a reasonable doubt. *State v. Herrera-Brito*, 131 Idaho 383, 385, 957 P.2d 1099, 1101 (Ct. App. 1998); *State v. Knutson*, 121 Idaho 101, 104, 822 P.2d 998, 1001 (Ct. App. 1991). We do not substitute our view for that of the jury as to the credibility of the witnesses, the weight to be given to the testimony, and the reasonable inferences to be drawn from the evidence. *Knutson*, 121 Idaho at 104, 822 P.2d at 1001; *State v. Decker*, 108 Idaho 683, 684, 701 P.2d 303, 304 (Ct. App. 1985). Moreover, we consider the evidence in the light most favorable to the prosecution. *Herrera-Brito*, 131 Idaho at 385, 957 P.2d at 1101; *Knutson*, 121 Idaho at 104, 822 P.2d at 1001.

Viewing the evidence in a light most favorable to the State shows that a reasonable mind could have found the essential elements of the crime proven beyond a reasonable doubt. To prove resisting or obstructing, the State had the burden to prove beyond a reasonable doubt that Saulsberry willfully resisted, obstructed, or delayed the officer in the discharge, or attempt to discharge, of any of her duties. I.C. § 18-705; Idaho Criminal Jury Instruction 1260. At trial, the officer testified that she was in uniform and traveling in a marked patrol car when she stopped Saulsberry and that, upon contacting him, she informed him that she was a police officer. As part of her duties as an officer, she asked Saulsberry to provide his driver's license, vehicle registration, and proof of insurance. The officer asked Saulsberry for his driver's license approximately six other times during the traffic stop. Saulsberry refused to provide identification and refused to verbally identify himself.

Because Saulsberry refused to provide his driver's license or verbally identify himself, the officer was forced to try to identify Saulsberry through dispatch and on the database in her CAD system. She was unsuccessful and did not determine who Saulsberry was until three days later when she received an email from the court informing her that Saulsberry had appeared and provided an Idaho identification card. The officer testified that Saulsberry's conduct obstructed or delayed her investigation of the traffic violation.

Both the magistrate court and the district court correctly recognized the State's evidence was sufficient to prove Saulsberry was guilty of obstructing or delaying the officer in the performance of her duties. Saulsberry acknowledges as much, noting he is "mindful of the

3

sufficiency of the evidence standards."[1]  Accordingly,  the evidence presented by the State at trial was sufficient to survive an I.C.R. 29 motion for judgment of acquittal.

## IV.
## CONCLUSION

The district court did not err in affirming the magistrate court's denial of Saulsberry's I.C.R. 29 motion because the evidence was sufficient to sustain Saulsberry's conviction of resisting or obstructing an officer.  Accordingly, Saulsberry's judgment of conviction is affirmed.

Judge HUSKEY and Judge LORELLO **CONCUR**.

---

[1]     The evidence showed that Saulsberry also failed to identify himself, which is not punishable by any other statute.