**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 52319**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: January 28, 2026** |
| Plaintiff-Respondent, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| STEVEN FREDERIC | ) **OPINION AND SHALL NOT** |
| SCHOSSBERGER, | ) **BE CITED AS AUTHORITY** |
| | ) |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Annie O. McDevitt, District Judge.

Judgment of conviction for rape, affirmed.

Silvey Law Office Ltd; Greg S. Silvey, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

GRATTON, Judge

Steven Frederic Schossberger appeals from his judgment of conviction for rape. Schossberger argues the district court erred in denying his motion for judgment of acquittal and renewed motion for judgment of acquittal. Schossberger asserts there was insufficient evidence to support his conviction for rape.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

A grand jury indicted Schossberger for rape, Idaho Code § 18-6101; forcible sexual penetration by use of a foreign object, I.C. § 18-6604; and sexual battery, I.C. § 18-924. All charges were alleged to have been committed against K.W. The indictment charged rape on alternative theories: Schossberger overcame K.W.'s resistance by force or violence, K.W. was prevented from resisting by an intoxicating substance, or K.W. was incapable of giving legal

1

consent due to unsoundness of mind (whether temporary or permanent). Based upon Schossberger's pretrial motion, the unsoundness of mind theory was stricken.

At trial, the State presented testimony from several witnesses, including K.W. She testified she met friends at a restaurant where she consumed multiple alcoholic drinks and felt a "strong level of intoxication." One of K.W.'s friends introduced her to Schossberger, and K.W. later left with Schossberger in his car. Schossberger drove to a nearby parking lot, which was only a few hundred feet from the restaurant. When K.W. realized Schossberger intended to have sex with her, she became scared and questioned how his wife would feel. K.W. testified that, after Schossberger told her he did not want to talk about that, she "froze up" in fear.

K.W. testified she exited the front seat of the car and began walking back toward the restaurant. K.W. stated Schossberger did not allow her to leave; instead, he opened the rear door of the car and pushed her into the back seat, causing her to hit her head on the opposite armrest. K.W. further testified Schossberger removed her clothing despite her verbal and nonverbal resistance--shaking her head and saying "no"--and then sexually penetrated her.

At the close of the State's case, Schossberger moved for judgment of acquittal. Schossberger argued the State failed to establish he used force to overcome K.W.'s resistance or that K.W. was unable to resist due to intoxication. The district court denied the motion, in part, concluding the State presented sufficient evidence of force overcoming resistance, but the evidence of intoxication was insufficient to submit that theory to the jury. In finding a prima facie showing of force, the district court cited K.W.'s testimony that Schossberger pushed her into the car, removed her pants, and was physically on top of her during the penetration. The district court also considered the parties' size and age differences.

The district court instructed the jury it could convict only if it found K.W. resisted, and her resistance was overcome by force or violence. The instruction clarified that resistance need only be enough to show lack of consent, and that verbal resistance was sufficient. The jury found Schossberger guilty of rape, but not guilty of forcible sexual penetration by use of a foreign object and not guilty of sexual battery.

After trial, Schossberger renewed his motion for judgment of acquittal. Upon reviewing the transcript of K.W.'s testimony, the district court reaffirmed its earlier ruling. The district court additionally concluded K.W.'s effort to walk back to the restaurant after exiting the car constituted resistance, and the evidence that Schossberger pushed her back into the vehicle--causing her to hit

her head--was sufficient for the jury to find force overcoming that resistance. The district court further concluded the evidence that Schossberger removed K.W.'s clothing and penetrated her after she verbally said "no" supported the verdict. Schossberger appeals.

## II.

## STANDARD OF REVIEW

Idaho Criminal Rule 29(c) permits the court, on motion of the defendant, to set aside the verdict and enter judgment of acquittal either after the State's case-in-chief or after a verdict of guilty is returned. In reviewing the denial of a motion for judgment of acquittal, the appellate court must independently consider the evidence in the record and determine whether a reasonable mind could conclude the defendant's guilt as to each material element of the offense was proven beyond a reasonable doubt. *State v. Gonzalez*, 134 Idaho 907, 909, 12 P.3d 382, 384 (Ct. App. 2000). We will not substitute our view for that of the jury as to the credibility of the witnesses, the weight to be given to the testimony, and the reasonable inferences to be drawn from the evidence. *State v. Knutson*, 121 Idaho 101, 104, 822 P.2d 998, 1001 (Ct. App. 1991); *State v. Decker*, 108 Idaho 683, 684, 701 P.2d 303, 304 (Ct. App. 1985). Moreover, we will consider the evidence in the light most favorable to the prosecution. *State v. Herrera-Brito*, 131 Idaho 383, 385, 957 P.2d 1099, 1101 (Ct. App. 1998); *Knutson*, 121 Idaho at 104, 822 P.2d at 1001. We apply this same standard of review on appeal from an order granting a motion for judgment of acquittal. *Gonzalez*, 134 Idaho at 909, 12 P.3d at 384.

Under the controlling standard, the question before this Court is not whether the evidence was undisputed or whether the Court would reach the same conclusion as the district court, but whether--viewing the evidence in the light most favorable to the prosecution--any rational juror could have found the element of resistance overcome by force or violence beyond a reasonable doubt. *State v. Guerra*, 169 Idaho 486, 492, 497 P.3d 1106, 1112 (2021).

## III.

## ANALYSIS

Schossberger claims the district court erred in denying both his motion and renewed motion for judgment of acquittal because the evidence failed to establish: (1) resistance, and (2) force or violence beyond that inherent in the sexual act. Schossberger argues K.W.'s attempt to walk back to the restaurant was not an act of resistance. In addition, Schossberger contends there is no evidence K.W's verbal "no" came before K.W. was pushed into the back seat, and while in the

back seat there was no force overcoming verbal resistance. Schossberger argues the evidence did not support a finding that he in fact got on top of K.W. and, even if the evidence showed he did, such evidence would not constitute force or violence overcoming K.W.'s resistance. Further, Schossberger asserts there was no evidence that when he removed K.W.'s pants it was done forcefully, no fabric was torn, and removing pants is not in and of itself force or violence, but rather a common occurrence during the act of intercourse.

Rape is the penetration, however slight, of the oral, anal, or vaginal opening with a penis accomplished where the victim resists but the resistance is overcome by force or violence. I.C. § 18-6101(4). The importance of resistance by the victim is to show two elements of the crime-- the assailant's intent to use force in order to have carnal knowledge, and the victim's nonconsent. *State v. Hall*, 163 Idaho 744, 783, 419 P.3d 1042, 1081 (2018). Verbal resistance is sufficient evidence of nonconsent. *State v. Jones*, 154 Idaho 412, 420, 299 P.3d 219, 227 (2013). Further, the defendant must use more force than is inherent in the sexual act. *Id.* at 422, 299 P.3d at 229.

The district court identified two acts of resistance overcome by force--K.W.'s attempt to walk away once out of the car and K.W. shaking her head and verbally stating "no." First, Schossberger contends the evidence does not support that K.W. attempted to walk back to the restaurant or that it constituted resistance. Schossberger also asserts the subsequent push of K.W. into the back seat of the car was not an act of force after some resistance. Second, Schossberger acknowledges K.W.'s shaking her head and saying "no" while in the back seat of the car is an act of resistance but argues there was no force used after that point. Specifically, Schossberger argues the act of removing K.W.'s clothes was not forceful and was incidental to the sexual act itself. Schossberger also argues evidence he was on top of K.W. is lacking and, in any event, not outside that which is inherent in the sexual act.

In regard to K.W. attempting to walk back to the restaurant and being prevented from doing so, the district court found:

> And so--but reviewing the evidence in the light most favorable to the prosecution, what we have is her--KW indicating that she walked back towards [the] restaurant, which is a show of resistance of her lack of consent, her desire not to have sex; her being pushed into the car and hitting her head. And, again, if this is a consensual act then there would be no need to push, which I think demonstrates some resistance, e.g., refusal to get into the vehicle, and then a force to get her into the vehicle with the pushing to accomplish the sexual act.

4

The district court found the evidence was sufficient to find or infer that K.W. attempted to exit the situation by walking away. Even so, Schossberger's act of pushing K.W. into the back seat of the car infers he was responding to resistance, otherwise there would be no need to take such action.

Schossberger suggests K.W.'s testimony was inconsistent and her behavior upon exiting the car was not a show of resistance. We disagree. Schossberger argues K.W. testified she was not given an "opportunity to walk back." The lack of "opportunity" was ostensibly the result of Schossberger's own interceding force. Whether K.W. successfully walked a measurable distance back toward the restaurant is immaterial; what matters is she attempted to leave and Schossberger physically prevented her from doing so. K.W. specifically testified she started walking and "walked back this way so that I could try to get back" to the restaurant. In addition, K.W. testified it was clear to her that Schossberger wanted to have sex, and she did not. As evidence of that knowledge, K.W. testified that before she exited the vehicle, she asked Schossberger what his wife would think. Given that she knew Schossberger wanted to have sex, the jury could conclude that K.W.'s attempt to walk away before being pushed into the back seat of the car was an act of resistance. And Schossberger's act of pushing K.W. into the car after she attempted to walk away is an exertion of force to overcome resistance.

Schossberger asserts there are inconsistencies in K.W.'s testimony, and those inconsistencies negate the showing of resistance. Schossberger specifically argues that when K.W. testified she was not given an "opportunity to walk back," this contradicted an earlier answer that she could have walked back to the restaurant. First, despite any inconsistencies, K.W. ultimately testified she attempted to walk back to the restaurant. Second, as the district court noted, the State's expert testified it is common following a traumatic event for a victim to remember facts not necessarily in the order in which they occurred. Third, evaluating witness credibility and resolving conflicts in evidence are matters for the jury, not this Court. *Knutson*, 121 Idaho at 104, 822 P.2d at 1001. The jury was entitled to credit K.W.'s testimony that she attempted to leave-- and Schossberger used force to prevent her from doing so.

The second point of resistance came when K.W., after Schossberger pushed her into the back seat of his car, shook her head and said "no." The district court found "after being pushed in the car, as everyone has acknowledged, [K.W.] indicates she shook her head 'No,' and--and verbalized no, which, again, would be further show of resistance." K.W. shaking her head and saying "no" constitutes resistance. *See Jones*, 154 Idaho at 420, 299 P.3d at 227. Subsequent to

5

this resistance, the district court noted there was evidence presented that Schossberger removed K.W.'s pants, which were skinny jeans with five buttons, and K.W. was then laying on her back with her legs dangling out of the car when penetration occurred. The district court also stated the evidence was sufficient to infer Schossberger was physically on top of K.W. The district court found:

> I don't find that the removal of pants is inherent in the sexual act, that Mr. Schossberger's removal of her pants is inherent in the sexual act, because it's certainly something that she can remove herself, but she doesn't. And I recall her testimony was also then that Mr. Schossberger was on top of her.

Schossberger contends he exerted no greater force than what is required for sexual intercourse. Schossberger argues "if the removal of clothing which is necessary to facilitate penetration is not incidental to the sexual act itself, it begs the question of what would be incidental." Contrary to Schossberger's argument, this act was not an incidental part of intercourse--it was a purposeful, compelled physical act to facilitate penetration. Removing clothing to enable sexual penetration constitutes extrinsic force beyond that inherent in the act itself. *State v. Olsen*, 173 Idaho 918, 924, 550 P.3d 762, 768 (Ct. App. 2024).

Schossberger also argues the inference drawn by the district court that, after K.W. said "no," he was on top of her and was greater in weight and size and, thereby exerted force, is not supported by the evidence. Schossberger argues there was no evidence he was on top of K.W. when he penetrated her and, even so, being on top would not constitute extrinsic force because there was no evidence he was physically restraining K.W. In *Jones*, the Court found evidence of force beyond that incident to the sexual act where the defendant pushed the victim down, leaned forward to put weight on the victim, pinned her hands underneath her, and removed her underwear. *Jones*, 154 Idaho at 422, 299 P.3d at 229. Schossberger argues he exerted no such force after removing K.W.'s pants. While this case does not involve pinning the victim's hands underneath her, the jury could reasonably conclude from the evidence presented that Schossberger was on top of K.W. as she was on her back when he penetrated her. The act of penetration came after the push and pants removal and K.W.'s verbal resistance and it is undisputed that Schossberger is larger in size and weight than K.W. While it is also reasonable to conclude that being on top of a victim could be part of the sexual act itself, under the circumstances, the jury could also reasonably draw the inference that Schossberger exerted force beyond that normally incident to the sexual act after K.W. said "no."

6

Sufficient evidence supports the jury's verdict. Drawing the evidence and inferences in favor of the prosecution, the jury could reasonably find that K.W. resisted and Schossberger exerted force to overcome her resistance.

## IV.

## CONCLUSION

Sufficient evidence exists to support the jury's guilty verdict for rape. Therefore, Schossberger's judgment of conviction for rape is affirmed.

Chief Judge TRIBE and Judge LORELLO **CONCUR**.