# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 45597

STATE OF IDAHO,

        Plaintiff-Respondent,

v.

HALTON L. FLOWERS,

        Defendant-Appellant.

)
)
)
)
)
)
)
)
)
)
)
)

Filed: October 28, 2019

Karel A. Lehrman, Clerk

THIS IS AN UNPUBLISHED
OPINION AND SHALL NOT
BE CITED AS AUTHORITY

---

Appeal from the District Court of the Sixth Judicial District, State of Idaho, Bannock County. Hon. Robert C. Naftz, District Judge.

Order denying motion for judgment of acquittal for malicious injury to property, reversed; judgment of conviction for felony malicious injury to property, vacated and case remanded; judgment of conviction for burglary, affirmed.

Eric D. Fredericksen, State Appellate Public Defender; Ben P. McGreevy, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Andrew V. Wake, Deputy Attorney General, Boise, for respondent.

---

GRATTON, Chief Judge

Halton L. Flowers appeals from the district court's denial of his motion for judgment of acquittal on the charge of felony malicious injury to property. He contends that the State failed to present sufficient evidence that the market value of the damaged or destroyed items exceeded one thousand dollars. He further argues the district court abused its discretion by imposing excessive sentences without giving proper weight and consideration to mitigating factors. For the reasons set forth below, we vacate the sentence for malicious injury to property and remand for sentencing under the lesser-included misdemeanor offense and affirm the judgment of conviction for burglary.

1

# I.

## FACTUAL AND PROCEDURAL BACKGROUND

Flowers was charged by information with felony malicious injury to property and burglary.[1]  He pled not guilty and proceeded to trial.  After the State rested its case, Flowers made an oral motion for judgment of acquittal on the malicious injury to property charge, arguing the State failed to meet its burden to establish the value of the damaged or destroyed items exceeded the one-thousand dollar threshold required for a felony.  Flowers specifically argued that the testimony provided by the victim only served to establish the purchase price of the items and that there had been no testimony regarding market value.  The State responded that it was up to the jury to make reasonable inferences about the value.  The district court denied the motion.  The jury returned a guilty verdict and the district court imposed unified sentences of five years, with one year determinate for the malicious injury to property conviction and a concurrent unified sentence of ten years, with four determinate for his burglary conviction.  Flowers timely appeals.

# II.

## ANALYSIS

### A.      Malicious Injury to Property

Flowers contends that the district court erred by denying his motion for judgment of acquittal because the State presented insufficient evidence of the value of the property to convict on a felony as opposed to a misdemeanor.  Idaho Criminal Rule 29 provides that when a verdict of guilty is returned, the court, on motion of the defendant, shall order the entry of a judgment of acquittal if the evidence is insufficient to sustain a conviction of the offense.  The test applied when reviewing the district court's ruling on a motion for judgment of acquittal is to determine whether the evidence was sufficient to sustain a conviction of the crime charged.  *State v. Fields*, 127 Idaho 904, 912-13, 908 P.2d 1211, 1219-20 (1995).  When reviewing the sufficiency of the evidence where a judgment of conviction has been entered upon a jury verdict, the evidence is sufficient to support the jury's guilty verdict if there is substantial evidence upon which a reasonable trier of fact could have found that the prosecution sustained its burden of proving the

---

[1]      Flowers was also charged by information with stalking in the first degree, which was bifurcated from the other charges.  Flowers entered a conditional guilty plea to that charge, and it is not at issue here.

essential elements of a crime beyond a reasonable doubt. *State v. Herrera-Brito*, 131 Idaho 383, 385, 957 P.2d 1099, 1101 (Ct. App. 1998); *State v. Knutson*, 121 Idaho 101, 104, 822 P.2d 998, 1001 (Ct. App. 1991). We do not substitute our view for that of the jury as to the credibility of the witnesses, the weight to be given to the testimony, and the reasonable inferences to be drawn from the evidence. *Knutson*, 121 Idaho at 104, 822 P.2d at 1001; *State v. Decker*, 108 Idaho 683, 684, 701 P.2d 303, 304 (Ct. App. 1985). Moreover, we consider the evidence in the light most favorable to the prosecution. *Herrera-Brito*, 131 Idaho at 385, 957 P.2d at 1101; *Knutson*, 121 Idaho at 104, 822 P.2d at 1001.

Flowers was prosecuted under Idaho Code § 18-7001, which specifies that the offense of malicious injury to property may be either a misdemeanor or a felony, depending upon the value of the damaged or destroyed items.[2] When a felony is charged, the State bears the burden to prove beyond a reasonable doubt that the value of the property damage exceeded one thousand dollars. *State v. Hughes*, 130 Idaho 698, 702, 946 P.2d 1338, 1342 (Ct. App. 1997). In *Hughes*, this Court discussed valuation methods for purposes of I.C. § 18-7001:

> Either the diminution of the object's *fair market value* or the reasonable cost of repair is a fair means of measuring damage when the offender has harmed but not destroyed the property. If the State applies the diminution of value measure, then it must establish the *fair market value* of the property immediately before and after the damage.
>
> When the cost of repair is chosen, this measure may not exceed the *market value* of the item before the damage, for an offender cannot cause an economic loss that surpasses the actual value of the property damaged.
>
> When property has been entirely destroyed, neither the cost of repair measure nor the diminution in value measure are applicable. The proper measure of damages in such event is the *fair market value* of the property at the time and place of its destruction.
>
> In some cases the destroyed item may have no market value or the value may not be ascertainable. Therefore, upon a showing that *fair market value* cannot be established, the State may show the economic value of the loss caused by the defendant through such factors as original purchase price, replacement cost, the property's general use and purpose, and salvage value.

*Hughes*, 130 Idaho at 703, 946 P.2d at 1343 (internal citations omitted) (emphasis added). Thus, whether damaged or destroyed, except as to cost of repair, the valuation measures require some

---

[2] Every person who maliciously injures or destroys any real or personal property not his own, in cases otherwise than such as are specified in this code, is guilty of a misdemeanor, unless the damages caused by a violation of this section exceed one thousand dollars ($1,000) in value, in which case such person is guilty of a felony.

showing of fair market value or a showing that it cannot be established. Establishing fair market value requires only that the owner of the property testify as to the damaged items' market value; they need not be qualified as an expert witness. *Id*. at 704, 946 P.2d at1344.

Here, the jury was instructed that "'value' means the lesser of the following amounts: (a) The difference between the fair market value of the property before it was injured or destroyed and its fair market value afterward. (b) The reasonable cost of repairing the injury caused to the property." The instructions further defined fair market value to mean "the price that a reasonably prudent purchaser would pay for the property under the market conditions prevailing at the time."

In this case, the only evidence offered by the State addressing the value of the damaged items was the owner's testimony regarding purchase price and date. After the State rested, Flowers motioned for judgment of acquittal, claiming the State had not met its burden to provide evidence of the fair market value of the damaged items. The State responded, and argues on appeal, that the jury is permitted to make reasonable inferences and "decide whatever weight and credibility they want to give to [the testimony] and come up with whatever values they think are appropriate." These arguments contradict the holding in *Hughes*.

Though the State claims that *Hughes* is not directly relevant where replacement cost is not at issue, such a narrow application is not persuasive. The *Hughes*' analysis spans numerous valuation methods and the circumstances where those methods are appropriate. There would be no reason for such an expansive discussion if the holding was only applicable to cases relying on replacement cost alone. The State also claims that though *Hughes* may dictate that value is established through fair market value, it "says little about how to establish market value in the ordinary case." We disagree. *Hughes* discusses the different valuation measures at length, including the distinctions between destroyed and damaged items. It also addresses the State's concern that relying on fair market value requires unnecessary and excessively burdensome appraisals particularly in cases involving a large number of ordinary consumer items: "It is settled in Idaho that, in civil actions, the owner of property is competent to testify as to its market value without qualifying the owner as an expert witness. Idaho courts, we believe, should apply the same rule in criminal proceedings, as other jurisdictions have." *Id*. at 704 n.1, 946 P.2d at 1344 n.1. Under such precedent, the State was simply required to elicit testimony from the victim regarding what she believed was the fair market value of her items (or whether she

4

believed the market value was non-existent or unascertainable). However, it did not, and the victim's testimony regarding the purchase price cannot be construed as doing so. Without any testimony or evidence regarding the fair market value of the items or the State's inability to ascertain those values, it failed to meet its burden to establish that the value of the items exceeded one thousand dollars.

The insufficiency of the evidence on the value does not mean, however, that the charge against Flowers must be dismissed. In this case, the lesser included offense of misdemeanor malicious injury to property requires no proof of valuation.[3] The jury's finding that Flowers destroyed and damaged the victim's items is supported by the evidence.

**B.      Sentencing Discretion**

Flowers also argues the district court abused its discretion when it imposed unified sentences of five years, with one year determinate for his malicious injury to property conviction and a concurrent unified sentence of ten years, with four years determinate for his burglary conviction. Having vacated the malicious injury to property conviction we need only address the sentence for burglary.

The State argues the district court did not abuse its discretion and adequately considered the factors set out in I.C. § 19-2521. We agree.

An appellate review of a sentence is based on an abuse of discretion standard. *State v. Burdett*, 134 Idaho 271, 276, 1 P.3d 299, 304 (Ct. App. 2000). Where a sentence is not illegal, the appellant has the burden to show that it is unreasonable and, thus, a clear abuse of discretion. *State v. Brown*, 121 Idaho 385, 393, 825 P.2d 482, 490 (1992). A sentence may represent such an abuse of discretion if it is shown to be unreasonable upon the facts of the case. *State v. Nice*, 103 Idaho 89, 90, 645 P.2d 323, 324 (1982). A sentence of confinement is reasonable if it appears at the time of sentencing that confinement is necessary to accomplish the primary objective of protecting society and to achieve any or all of the related goals of deterrence, rehabilitation, or retribution applicable to a given case. *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). Where an appellant contends that the sentencing court imposed

---

[3]      Though other jurisdictions have questioned whether a conviction may be reduced to a lesser included offense when the jury has not been instructed on that offense, we need not address the issue. Flowers amended his requested relief to: "reversal of his judgment of conviction for felony malicious injury to property and remand to the district court for the entry of a judgment of conviction on a reduced charge of misdemeanor malicious injury to property."

an excessively harsh sentence, we conduct an independent review of the record, having regard for the nature of the offense, the character of the offender, and the protection of the public interest. *State v. Reinke*, 103 Idaho 771, 772, 653 P.2d 1183, 1184 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007).

When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the lower court: (1) correctly perceived the issue as one of discretion; (2) acted within the boundaries of such discretion; (3) acted consistently with any legal standards applicable to the specific choices before it; and (4) reached its decision by an exercise of reason. *State v. Herrera*, 164 Idaho 261, 270, 429 P.3d 149, 158 (2018).

Flowers has failed to show that the district court abused its discretion. Flowers does not argue the sentence exceeds the maximum term of confinement but instead argues that the district court did not adequately consider mitigating factors such as his remorse and acceptance of responsibility. However, our review of the record reveals that in fashioning Flowers' sentence, the court expressly stated it considered the presentence investigation report, arguments made at the sentencing hearing, the statements of the parties, the victim, prior criminal history, evidence presented at trial, and the factors set out in I.C. § 19-2521. The court stated that the primary reason for the sentence imposed was that a lesser sentence would depreciate the seriousness of the crime and that in assessing Flowers' risk to reoffend, imprisonment would "provide an appropriate punishment and deterrence." The court specifically focused on deterrence and noted Flowers was already on felony parole when he committed the crimes for which he was being sentenced.

Additionally, though Flowers claims that his remorse should be weighed as a mitigating factor, the district court determined he never fully accepted responsibility for his actions and attempted to shift the blame to the victim. The PSI reflects that he "did not appear remorseful" and although he recognized he should not have entered the victim's home, he was mad the victim would not answer his calls or texts and was upset that she was not at home because they had planned a date.

In its discretion, the court concluded that the sentence was appropriate in light of the seriousness of the crime, the risk Flowers presents to the community, and the sentencing goals of

6

retribution and deterrence. The district court's sentence for burglary constitutes a reasonable and appropriate attempt to further the goals of sentencing and Flowers has failed to show it abused its discretion.

## III.

## CONCLUSION

The State failed to meet its burden to establish the value of the damaged and destroyed items exceeded one thousand dollars, therefore, the charge must be reduced to a misdemeanor. We vacate the sentence entered for felony malicious injury to property and remand for proceedings which may be necessary to sentence Flowers for the lesser included misdemeanor offense. The district court did not abuse its discretion when it imposed Flowers' sentence for burglary and we affirm the judgment of conviction for burglary.

Judge HUSKEY and Judge LORELLO **CONCUR**.