IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 46053

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) Filed: November 7, 2019 |
| Plaintiff-Respondent, | ) |
| | ) Karel A. Lehrman, Clerk |
| v. | ) |
| | ) THIS IS AN UNPUBLISHED |
| MAXINE JEAN DEARING, | ) OPINION AND SHALL NOT |
| | ) BE CITED AS AUTHORITY |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Jason D. Scott, District Judge.

Judgment of conviction, affirmed.

Eric D. Fredericksen, State Appellate Public Defender; Sally J. Cooley, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Jeff Nye, Deputy Attorney General, Boise, for respondent.

_____

GRATTON, Chief Judge

Maxine Jean Dearing appeals from the judgment of the district court entered upon a jury verdict finding her guilty of trafficking marijuana, Idaho Code § 37-2732B(a)(1), and possession of marijuana hash oil, I.C. § 37-2732(c). Dearing argues the State presented insufficient evidence to prove she possessed the marijuana hash oil, that the prosecutor committed misconduct amounting to fundamental error, and that the district court abused its sentencing discretion. For the reasons set forth below, we affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

Police were called after a hotel employee identified Dearing as being the source of marijuana odor. The staff reported that they had received a number of complaints regarding the strong smell of marijuana after Dearing checked in. At first the employees were not able to

1

pinpoint from where the odor was emanating, but after Dearing entered the hotel lobby to pay for an additional night, they could smell the distinct odor on her.

Two deputies responded and later testified they could smell marijuana even before entering the hotel. The employees provided the deputies with Dearing's identification and room number. As they approached Dearing's room, they saw Dearing and a male companion exit the room. Dearing was carrying a cardboard box. During their encounter, deputies noticed the curtains to the room moving and assumed there was a third person inside. Deputies told Dearing and her companion to get their items out of the room; they agreed and unsuccessfully attempted to open the door. Eventually, after repeatedly trying to open the door with electronic key cards, the hotel manager came and used the master key to open the door. The door was only opened a couple inches because the occupant in the room had a lock in place that did not allow it to fully open. This occupant threatened to hurt himself which eventually led to a SWAT team being called. While deputies were negotiating with the man inside the hotel room, Dearing and her companion were asked to sit in their rental vehicle with a deputy. The deputy described the odor inside the vehicle as overpowering. Dearing told that officer that Dearing's belongings were inside the room and confirmed that the room was in her name. At some point, the deputy looked inside the cardboard box that Dearing was carrying and found roughly a pound of marijuana inside.

After removing the man who remained in the hotel room, officers conducted a safety sweep of the room and asked Dearing if they could perform a search, Dearing consented. A search of the room resulted in multiple trash bags full of marijuana plants, numerous glass jars full of marijuana buds which were labeled with Dearing's name, pruning shears with green residue, a trimming machine, a cardboard box full of marijuana stems and stalks, a digital scale, and seventy grams of marijuana hash oil. A forensic scientist totaled the amount of marijuana to be over forty-five pounds.

Dearing was arrested and charged with trafficking marijuana and possession of marijuana hash oil. At trial, the State presented evidence describing the manufacture of marijuana including the process for creating the oil. The State also presented evidence that Dearing played a primary role in the manufacturing process including a recorded telephone call where Dearing, in explaining the nature of the charges to the individual with whom she was speaking, said "if you're going to do it, do it right."

After trial, a jury found Dearing guilty on both counts, and the district court imposed a unified term of seven years with five years determinate for trafficking marijuana and a 231-day sentence for possession of the marijuana hash oil. Credit for time served was applied to both sentences, satisfying the sentence for the possession charge. Dearing timely appeals.

## II.

## ANALYSIS

Dearing asserts the State did not present sufficient evidence that she possessed marijuana hash oil and that the prosecutor committed misconduct amounting to fundamental error by misrepresenting the law during voir dire and closing argument. Dearing also asserts the district court abused its discretion by imposing an excessive sentence. For the reasons set forth below, we affirm.

### A. Possession

Dearing argues the State did not present sufficient evidence that she possessed the marijuana hash oil. Specifically, she contends there was no evidence presented that showed she had either knowledge or control of the oil in the hotel room's refrigerator. The State asserts Dearing's connection to the marijuana manufacturing enterprise was sufficient to tie her to all the marijuana in the room, including the oil. Appellate review of the sufficiency of the evidence is limited in scope. A finding of guilt will not be overturned on appeal where there is substantial evidence upon which a reasonable trier of fact could have found that the prosecution sustained its burden of proving the essential elements of a crime beyond a reasonable doubt. *State v. Herrera-Brito*, 131 Idaho 383, 385, 957 P.2d 1099, 1101 (Ct. App. 1998); *State v. Knutson*, 121 Idaho 101, 104, 822 P.2d 998, 1001 (Ct. App. 1991). We will not substitute our view for that of the trier of fact as to the credibility of the witnesses, the weight to be given to the testimony, and the reasonable inferences to be drawn from the evidence. *Knutson*, 121 Idaho at 104, 822 P.2d at 1001; *State v. Decker*, 108 Idaho 683, 684, 701 P.2d 303, 304 (Ct. App. 1985). Moreover, we will consider the evidence in the light most favorable to the prosecution. *Herrera-Brito*, 131 Idaho at 385, 957 P.2d at 1101; *Knutson*, 121 Idaho at 104, 822 P.2d at 1001.

Possession of a controlled substance may be actual or constructive. *State v. Gomez*, 126 Idaho 700, 706, 889 P.2d 729, 735 (Ct. App. 1994). To establish constructive possession, the State had the burden of demonstrating a nexus between Dearing and the oil, such that the jury could reasonably infer that she was not simply a bystander but had the power and the intent to

exercise dominion or control over the marijuana hash oil. *Id*. Considering the facts presented, a reasonable jury could infer that Dearing possessed the marijuana hash oil.

The required nexus between Dearing and the hash oil can reasonably be inferred by the State's evidence; namely, that Dearing manufactured marijuana in numerous forms. Officers recovered nearly fifty pounds of marijuana from the room. It was found in jars, garbage bags, plastic bags, cardboard boxes, and in plant form. Additionally, there were numerous tools indicative of a drug enterprise including trimming shears, scissors, and a trimming machine. Dearing argues that because she did not have exclusive possession of the hotel room, there was no individual nexus established between her and the hash oil found in the refrigerator. We disagree. The State presented substantial evidence that Dearing played a primary role in the drug enterprise and that the oil was a product of that enterprise. The room was bought and paid for by Dearing, her name appeared on a number of packaged marijuana items, and Dearing was recorded making incriminating statements to a friend regarding the nature of her charges.

Moreover, the State was able to connect the hash oil to the plants by presenting evidence as to how hash oil is made: by trimming buds off marijuana plants. The oil was also contained in a bag similar to those used throughout the room and marked in a similar fashion indicating the weight of the substance inside. "[C]onstructive possession exists where a nexus between the accused and the controlled substance is sufficiently proven so as to give rise to the reasonable inference that the accused was not simply a bystander but, rather, had the power and the intent to exercise dominion or control over the [item]." *State v. Garza*, 112 Idaho 778, 784, 735 P.2d 1089, 1095 (Ct. App. 1987). In this case, the substantial evidence presented by the State leads to the reasonable inference that the hash oil, like the other forms of marijuana found in the room, was a product of Dearing's drug enterprise, created by her, which would necessitate her having both knowledge and control of the oil.

**B.    Prosecutorial Misconduct**

Dearing argues the prosecutor committed misconduct during voir dire and closing argument. While our system of criminal justice is adversarial in nature, and the prosecutor is expected to be diligent and leave no stone unturned, the prosecutor is nevertheless expected and required to be fair. *State v. Field*, 144 Idaho 559, 571, 165 P.3d 273, 285 (2007). However, in reviewing allegations of prosecutorial misconduct we must keep in mind the realities of trial. *Id.* A fair trial is not necessarily a perfect trial. *Id.*

4

Dearing made no contemporaneous objection to the prosecutor's statements at trial. "Where prosecutorial misconduct was not objected to during trial, this Court may only reverse when the misconduct constitutes fundamental error." *State v. Miller*, 165 Idaho, 115, 122, 443 P.3d 129, 136 (2019). In order to obtain relief under the fundamental error doctrine, the defendant must demonstrate three things. First, the defendant must show that one or more of the defendant's unwaived constitutional rights were violated. Second, the error must be clear and obvious, which means the record must demonstrate evidence of the error and evidence as to whether or not trial counsel made a tactical decision in failing to object. Third, the defendant must demonstrate that the error affected the defendant's substantial rights, meaning that the error identified in the first and second prong of the test actually affected the outcome of the trial proceedings. *Id.* at 119, 443 P.3d at 133. Dearing argues the prosecutor violated Dearing's due process right to a fair trial by making incorrect statements of law, reducing the State's burden of proof. During the State's closing argument, the prosecutor made the following analogy:

> The [marijuana hash oil] is found in the fridge, right down there in that plastic sack next to the pizza boxes, next to those leftovers in that fridge. It's free game for anyone in that room. But what we're talking about is knowledge and the power and intent to control it, if anyone has access. It is not hidden. It is not locked in a safe where only one person has access to it. In the fridge with their leftovers where everyone has access to it. That is possession.

During voir dire the prosecutor made a similar analogy in attempting to explain possession:

| | |
|---|---|
| Prosecutor: | So Juror No. 17, you have a television? |
| Juror 17: | Yes. |
| Prosecutor: | And somebody else lives in your house? |
| Juror 17: | Yes. |
| Prosecutor: | Who has possession of that television? |
| Juror 17: | I suppose it would be both of our possession that resides in the home with us. |
| Prosecutor: | Certainly. And why is that? |
| Juror 17: | Because we're both aware it is there. It's in the home that we own. It would be an item that is under both of our possessions. |
| Prosecutor: | Thank you. |

Dearing contends the application of constructive possession to the ownership of household items misapplies the law and ultimately reduces the State's burden of proof. The State argues that when taken in context, the statements are not necessarily incorrect. The statements, read in context, establish no prosecutorial misconduct by lowering the State's burden of proof.

The prosecutor correctly stated a number of times that constructive possession depended upon "whether someone had knowledge and power and intent to control the marijuana." *See, e.g.*, *State v. Seitter*, 127 Idaho 356, 360, 900 P.2d 1367, 1371 (1995) (quoting Idaho Criminal Jury Instruction 421) ("A person has possession of something if the person knows of its presence and . . . has the power and intention to control it."). During voir dire the jury was told:

> In this case, you're going to hear about possession of drugs by more than one person. And th[at] more than one person can be in possession of drugs if they have knowledge of the drugs and they have power and intention to control those drugs.

In addition to these statements, the prosecutor articulated the correct standard for possession in the middle of the comparison which Dearing takes issue: "[The pizza is] free game for anyone in the room. *But what we're talking about is knowledge and the power and intent to control it, if anyone has access.*" (Emphasis added). The correct statements of law given by the prosecutor during closing argument, coupled with the court's correct instructions[1] on the law, counter Dearing's argument. Dearing has failed to demonstrate any prosecutorial misconduct actually affecting the outcome of the trial proceedings.

## C.    Sentencing Discretion

Dearing argues the district court abused its discretion when it imposed a unified sentence of seven years with five years determinate. According to Dearing, considering any view of the facts, the sentence is excessive. Dearing contends the district court would have imposed a less severe sentence if it had properly considered her rehabilitative potential, work history, remorse, and history of substance abuse. The State argues the record supports the sentence imposed. We agree.

An appellate review of a sentence is based on an abuse of discretion standard. *State v. Burdett*, 134 Idaho 271, 276, 1 P.3d 299, 304 (Ct. App. 2000). Where a sentence is not illegal, the appellant has the burden to show that it is unreasonable and, thus, a clear abuse of discretion. *State v. Brown*, 121 Idaho 385, 393, 825 P.2d 482, 490 (1992). A sentence may represent such an abuse of discretion if it is shown to be unreasonable upon the facts of the case. *State v. Nice*,

---

[1]     The court provided the following oral instructions after the defense rested:
> A person possessed something if the person knew of its presence and had either physical control of it or the power and intention to control it. If more than one person knew of the presence of something and had the power and intention to control it, then each such person possessed it.

103 Idaho 89, 90, 645 P.2d 323, 324 (1982). A sentence of confinement is reasonable if it appears at the time of sentencing that confinement is necessary to accomplish the primary objective of protecting society and to achieve any or all of the related goals of deterrence, rehabilitation, or retribution applicable to a given case. *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). Where an appellant contends that the sentencing court imposed an excessively harsh sentence, we conduct an independent review of the record, having regard for the nature of the offense, the character of the offender, and the protection of the public interest. *State v. Reinke*, 103 Idaho 771, 772, 653 P.2d 1183, 1184 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007).

When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the lower court: (1) correctly perceived the issue as one of discretion; (2) acted within the boundaries of such discretion; (3) acted consistently with any legal standards applicable to the specific choices before it; and (4) reached its decision by an exercise of reason. *State v. Herrera*, 164 Idaho 261, 270, 429 P.3d 149, 158 (2018).

Dearing has failed to show that the district court abused its discretion by sentencing her to a unified term of seven years with five years determinate. Idaho Code § 37-2732B(a)(1) proscribes the statutory limits for Dearing's offense (five years minimum, fifteen years maximum). Our review of the record reveals that in fashioning Dearing's sentence, the court expressly stated that it had considered the goals of sentencing: protecting society, deterrence, rehabilitation, or retribution. *Toohill*, 103 Idaho at 568, 650 P.2d at 710. The court also considered Dearing's criminal history, presentence investigation, and the statements made by the parties at the sentencing hearing. The court found Dearing's arguments lacked some credibility and noted that her remorse was belied by what it believed to be a hesitation to take responsibility for the crime:

> This case is certainly, from what I have seen, not terribly credible; the idea that Ms. Dearing really wasn't a player involved really in this substantial amount of marijuana being in this hotel room or wasn't really involved in what was going on. So I'm not sure I buy the sort of denials that all I've got is whatever I might need for valid medicinal purposes.

The court further noted the additional two years of indeterminate time exceeding the statutory minimum accomplished the "legitimate societal interest [of] some oversight on parole, at least

for a limited period of time while the defendant serves, reacclimates to society once she is released." The record reflects the district court properly considered appropriate sentencing factors during sentencing and reached its decision by an exercise of reason. Accordingly, the district court did not abuse its sentencing discretion.

## III.

## CONCLUSION

The State presented sufficient evidence that Dearing constructively possessed the marijuana hash oil. Further, Dearing failed to establish fundamental error by prosecutorial misconduct, and the district court did not abuse its sentencing discretion. Accordingly, we affirm the judgment of conviction.

Judge HUSKEY and Judge BRAILSFORD **CONCUR**.