**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 46582**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) Filed: February 10, 2020 |
| Plaintiff-Respondent, | ) |
| | ) Karel A. Lehrman, Clerk |
| v. | ) |
| | ) THIS IS AN UNPUBLISHED |
| LUIS JUAN NEVAREZ, | ) OPINION AND SHALL NOT |
| | ) BE CITED AS AUTHORITY |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Twin Falls County. Hon. Thomas J. Ryan, District Judge.

Judgment of conviction for lewd conduct with a minor child under sixteen, affirmed.

Eric D. Fredericksen, State Appellate Public Defender; Jenevieve C. Swinford, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Jeffery D. Nye, Deputy Attorney General, Boise, for respondent.

---

BRAILSFORD, Judge

Luis Juan Nevarez timely appeals from his judgment of conviction entered after a jury found him guilty of lewd conduct with a minor child under sixteen, Idaho Code § 18-1508. We affirm.

## I.

### FACTUAL AND PROCEDURAL BACKGROUND

On the night in question, Nevarez was at his cousin's house watching movies. The victim was Nevarez's cousin's daughter, A.N., who was twelve-years-old at the time. At trial, A.N. testified that she was sitting on a sectional couch, covered by a blanket, watching a scary movie. Nevarez was sitting on her left and other family members, including her father, were sitting to Nevarez's left. A.N. further testified that, during the movie, Nevarez put his hand

1

underneath her blanket; touched her thigh; put his hand inside her shorts; "tried putting his hand in [her] bottom private"; "tried touching [her] vagina"; and touched the "top of [her] private." A.N. explained that the phrases "[her] bottom private" meant her vagina and "[her] upper private" meant her "boobs."

A.N. also testified that, at one point, she attempted to leave the couch, but Nevarez held her in place. She was too scared to make any noise, but before the movie was over, she left the room, ran to her parents' room and hid. After the movie was over, A.N. told her sisters what happened and was described by witnesses as very emotional, crying, and distraught. One of A.N.'s sisters told A.N.'s father, who confronted Nevarez outside of the house as he was leaving. A.N.'s mother called the police, and the State charged Nevarez with lewd conduct with a minor child under sixteen.

After the State rested its case, Nevarez moved to dismiss the charge, arguing the State failed to prove Nevarez touched A.N.'s genitals. The district court denied Nevarez's motion, finding that "the evidence [was] at least sufficient [that] a reasonable jury might factually find that it was a manual-to-genital contact." The jury found Nevarez guilty, and he timely appeals.

## II.

## ANALYSIS

Nevarez challenges the sufficiency of the evidence supporting his conviction. Appellate review of the sufficiency of the evidence is limited in scope. A finding of guilt will not be overturned on appeal where there is substantial evidence upon which a reasonable trier of fact could have found that the prosecution sustained its burden of proving the essential elements of a crime beyond a reasonable doubt. *State v. Herrera-Brito*, 131 Idaho 383, 385, 957 P.2d 1099, 1101 (Ct. App. 1998); *State v. Knutson*, 121 Idaho 101, 104, 822 P.2d 998, 1001 (Ct. App. 1991). We will not substitute our view for that of the trier of fact as to the credibility of the witnesses, the weight to be given to the testimony, and the reasonable inferences to be drawn from the evidence. *Knutson*, 121 Idaho at 104, 822 P.2d at 1001; *State v. Decker*, 108 Idaho 683, 684, 701 P.2d 303, 304 (Ct. App. 1985). Moreover, we will consider the evidence in the light most favorable to the prosecution. *Herrera-Brito*, 131 Idaho at 385, 957 P.2d at 1101; *Knutson*, 121 Idaho at 104, 822 P.2d at 1001.

In this case, the district court instructed the jury that the State had to prove Nevarez "committed an act of manual-to-genital contact" in order to find him guilty of lewd conduct with

2

a minor under sixteen. *See* I.C. § 18-1508 (identifying types of contact constituting lewd and lascivious act). Nevarez argues no rational jury could have found the State proved manual-to-genital contact. Specifically, Nevarez challenges A.N.'s description of his conduct as insufficient to prove manual-to-genital contact. Regarding Nevarez's conduct, A.N. testified:

Q. What happened when he put his hand underneath your blanket?
A. He started touching me.
Q. Where did he start touching you?
A. On my legs.
. . . .
Q. How did he touch you? Did he use all of his--both his hands? One hand?
A. One hand.
Q. Where was it that he first touched you on your leg?
A. My thigh.
. . . .
Q. What did he do after that?
A. He tried putting his hand in my bottom private.
Q. How did he try to put his hand in your bottom private?
A. He put his hand inside my shorts, and he tried--he tried touching my vagina.
Q. Did his hands go inside your shorts? Or let me ask, did his hand go inside your shorts?
A. Yes.
. . . .
Q. What part of your shorts was it that his hand got in?
A. My, like, the bottom part.
Q. The bottom part where your legs come out?
A. Yes.
Q. Were you wearing anything other than your shorts?
A. Yes.
Q. What else did you have on?
A. My underwear.
Q. When [Nevarez's] hand went under the bottom part of your shorts, what did he touch?
A. The top of my private.
Q. Would it help you explain what you mean by the top of your private if you saw a diagram of a girl's body?
A. Yes.
. . . .
Q. Okay. You indicated that [Nevarez] was touching the top of your private. Can you, with that purple pen, show the jury what part of your body you're talking about?
A. (Witness complied.)

3

In response to the prosecutor's request that A.N. identify "the top of [her] private" on the diagram of an unclothed girl, A.N. drew a line on the diagram starting at the thigh and ending on the lower abdomen.

Based on this testimony, Nevarez argues A.N.'s description that Nevarez touched "the top of my private" does not mean Nevarez touched her "private" and that A.N.'s marking on the diagram resolves "any ambiguity" by showing that Nevarez only touched A.N.'s "lower abdomen" and not her "upper external genitalia." The State argues that A.N.'s marking on the diagram shows Nevarez touched A.N.'s "mons pubis," which Nevarez concedes is part of the female genitalia. We agree with the State.

The Idaho Supreme Court's decision in *Crawford v. State*, 160 Idaho 586, 595, 377 P.3d 400, 409 (2016), is instructive. In *Crawford*, the State charged Crawford with lewd conduct with a minor under sixteen, alleging manual-to-genital contact. *Id.* at 589, 377 P.3d at 403. At trial, the victim testified Crawford touched the "[o]utside of [her] vaginal area." *Id.* at 590, 377 P.3d at 404. On appeal from the dismissal of his petition for post-conviction relief, Crawford argued there was insufficient evident to support his conviction because the phrase "outside of [the victim's] vaginal area" "could not reasonably be interpreted to constitute manual-genital contact." *Id.* at 595, 377 P.3d 409. The Court noted that the phrase was susceptible to more than one reasonable interpretation, including that Crawford "touched [the victim's] external genitalia near her internal genitalia." *Id.* The Court further noted that the "[f]emale external genitalia consist of the clitoris, the mons pubis, the labia minora and labia majora, and the vestibule of the vagina."[1] *Id.* at 595 n.4, 377 P.3d at 409 n.4. Construing both the ambiguity and the evidence in favor of the State, the Court concluded an Idaho Criminal Rule 29 motion for insufficient evidence would not likely have been successful, and thus Crawford's counsel was not ineffective for failing to make such a motion. *Id.* at 595, 377 P.3d at 409.

Nevarez attempts to distinguish this case from *Crawford* by arguing that the phrase "top of [her] private" is ambiguous, but that A.N.'s marking on the diagram of the unclothed girl "dispel[led] any ambiguity." Based on A.N. marking on the diagram, Nevarez asserts the only reasonable interpretation is that Nevarez only "touched A.N.'s lower abdomen." We disagree.

---

[1]     The Court also noted that "to constitute lewd and lascivious conduct, it is not necessary that bare skin be touched. The touching may be through the clothing." *Crawford*, 160 Idaho at 595, 377 P.3d at 409 (quotations omitted).

4

Just as in *Crawford*, A.N.'s testimony in this case that Nevarez touched "the top of [her] private" may mean that Nevarez touched her external genitalia. To the extent the phrase "the top of [her] private" is ambiguous, the jury's province was to determine what A.N. meant by the phrase, and we will not substitute our view for that of the jury as to the reasonable inferences to be drawn from the evidence. *See State v. Neyhart*, 160 Idaho 746, 751, 378 P.3d 1045, 1050 (Ct. App. 2016) (ruling determining what victim meant by "private" was within jury's province). Moreover, A.N.'s marking on the diagram of the unclothed girl does not support Nevarez's claim that he only "touched A.N.'s lower abdomen." To the contrary, the marking tends to support the opposite, showing A.N. indicated Nevarez touched the mons pubis, which is part of the female external genitalia, as Nevarez concedes.

Construing the evidence in a light most favorable to the State, there is substantial evidence upon which a reasonable trier of fact could have found the State sustained its burden beyond a reasonable doubt of proving manual-to-genital contact. *See Herrera-Brito*, 131 Idaho at 385, 957 P.2d at 1101 (ruling court will not overturn judgment of conviction supported by substantial evidence upon which reasonable trier of fact could have found burden sustained beyond reasonable doubt).

### III.

### CONCLUSION

Substantial evidence supports the jury's finding of Nevarez's manual-to-genital contact with A.N., and thus his conviction for lewd conduct with a minor child under sixteen by manual-to-genital contact. Accordingly, we affirm Nevarez's judgment of conviction.

Judge GRATTON and Judge LORELLO **CONCUR**.