# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 46671

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) Filed: February 10, 2020 |
| **Plaintiff-Appellant,** | ) |
| | ) Karel A. Lehrman, Clerk |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| TYLER ANTHONY HOWELL, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| **Defendant-Respondent.** | ) |
| | ) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Deborah A. Bail, District Judge.

Order granting motion for judgment of acquittal, <u>reversed</u>; judgment, <u>vacated</u>; jury verdict, <u>reinstated</u>; and case, <u>remanded</u>.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for appellant. Kenneth K. Jorgensen argued.

Eric D. Fredericksen, State Appellate Public Defender; Jason C. Pintler, Deputy Appellate Public Defender, Boise, for respondent. Jason C. Pintler argued.

---

GRATTON, Judge

The State appeals from the district court's judgment reducing Tyler Anthony Howell's conviction for felony sexual abuse of a child under the age of sixteen years, Idaho Code § 18-1506, to a conviction of misdemeanor indecent exposure, I.C. § 18-4116. The State asserts the district court erred by setting aside the jury's verdict because the evidence was sufficient to support the felony conviction. For the reasons set forth below, we reverse the district court's order, vacate the judgment, reinstate the jury's verdict, and remand for sentencing on the crime of conviction.

1

## FACTUAL AND PROCEDURAL BACKGROUND

S.P. took her eight-year-old granddaughter, L.K., to lunch at a local fast food restaurant. They sat at a round booth; L.K. was facing the windows while her grandmother sat facing her. Near the windows of the restaurant there were tables and chairs that were higher than the booths. S.P. said her granddaughter was often distracted during their lunch and she had to encourage her to eat. S.P. said L.K. was particularly distracted by the area behind her, where a man was seated near the window. This man was later identified as Howell.

As S.P. left with L.K., the child told her that "[Howell's] pee-pee was out of his pants." Shortly after returning home, L.K. drew a picture of what she saw. She later recreated a similar drawing for a detective. Surveillance video from the restaurant was given to the police and still images show Howell exposing his penis to L.K. The video also shows Howell repeatedly reach between his legs and manipulate his genitals while L.K. looks in his direction. A detective interviewed Howell who admitted he was at the restaurant, had seen L.K., but did not remember exposing himself. However, Howell did not deny exposing himself when pressed. The State charged Howell with sexual abuse of a minor by causing L.K. to witness him rubbing his genitals.

At trial, the surveillance video was admitted and L.K. testified. When asked if she witnessed Howell "hold" or "touch" his penis she responded "No."[1] Howell moved for acquittal after the State's case-in-chief.[2] He argued the evidence only showed he had exposed himself to L.K. and, based on her testimony, she had not witnessed an act of sexual conduct that is required for conviction under the statute. The State responded there was "more than enough evidence to show that while [L.K.] was present and while she was looking at [Howell], he had his hand down in the area of his exposed penis [and] he was moving it up and down." The district court denied the motion. The jury was given instructions which incorporated the lesser included offense of indecent exposure. After trial, the jury returned a guilty verdict of felony sexual abuse of a child

---

[1]     Q:     Did you ever see [Howell] hold his penis?
        A:     No.
        Q:     Did you ever see [Howell] touch his penis?
        A:     No.

[2]     Idaho Criminal Rule 29(a).

under the age of sixteen, and Howell again moved for acquittal.[3] Howell argued that although the video shows L.K. may have had the opportunity to witness sexual conduct, it did not show she witnessed it in fact because "[y]ou can't know what someone saw by watching a video." The district court granted the motion, holding that because L.K. testified she saw Howell's genitals but did not see him touch or rub the area, the evidence could only support a conviction for indecent exposure. The district court entered judgment for the lesser included misdemeanor offense. The State timely appeals.

## II.

## STANDARD OF REVIEW

Idaho Criminal Rule 29(c) permits the court, on motion of the defendant, to set aside the verdict and enter judgment of acquittal after a verdict of guilty is returned. In reviewing the denial of a motion for judgment of acquittal, the appellate court must independently consider the evidence in the record and determine whether a reasonable mind could conclude that the defendant's guilt as to each material element of the offense was proven beyond a reasonable doubt. *State v. Gonzalez*, 134 Idaho 907, 909, 12 P.3d 382, 384 (Ct. App. 2000). We will not substitute our view for that of the jury as to the credibility of the witnesses, the weight to be given to the testimony, and the reasonable inferences to be drawn from the evidence. *State v. Knutson*, 121 Idaho 101, 104, 822 P.2d 998, 1001 (Ct. App. 1991); *State v. Decker*, 108 Idaho 683, 684, 701 P.2d 303, 304 (Ct. App. 1985). Moreover, we will consider the evidence in the light most favorable to the prosecution. *State v. Herrera-Brito*, 131 Idaho 383, 385, 957 P.2d 1099, 1101 (Ct. App. 1998); *Knutson*, 121 Idaho at 104, 822 P.2d at 1001. We apply this same standard of review on appeal from an order granting a motion for judgment of acquittal. *Gonzalez*, 134 Idaho at 909, 12 P.3d at 384.

## III.

## ANALYSIS

The State claims the district court erred in granting Howell's motion for judgment of acquittal. Specifically, it argues the evidence sufficiently demonstrated an act of sexual conduct which is required to prove felony child abuse. I.C. § 18-1506. It asserts the district court incorrectly determined the victim's testimony contradicted the video because it is reasonable to believe the child witnessed sexual conduct, but because of her young age could not understand

---

[3] I.C.R. 29(c).

3

the concept. We conclude a reasonable jury could have determined that guilt had been proven as to each element, including sexual conduct.

Idaho Code § 18-1506(1)(d) states it is a felony for a person to induce, cause, or permit a minor child to witness an act of sexual conduct. Sexual conduct means human masturbation or any touching of the genitals or pubic areas. I.C. § 18-1506(4). When Howell motioned the district court for judgment of acquittal, the district court was tasked with assessing whether the evidence was sufficient to sustain a conviction to support the verdict. Evidence is sufficient if there is substantial evidence upon which a reasonable trier of fact could have found that the prosecution sustained its burden of proving the essential elements of a crime beyond a reasonable doubt. *Herrera-Brito*, 131 Idaho at 385, 957 P.2d at 1101; *Knutson*, 121 Idaho at 104, 822 P.2d at 1001.

The State presented evidence that included testimony from L.K., Deputy Kelch, Detective Strolberg, and the restaurant surveillance video. L.K. confirmed she saw Howell's genitals but denied having seen him touch or rub the area. She also denied seeing him open and close his legs in order to hide his genitals from other customers in the restaurant but when pressed clarified that she did not remember. Deputy Kelch testified to what he observed, which he believed to be sexual conduct on the surveillance video:

> So initially as he pulled [his penis] out--or kind of rubbed up on it, up and down, and then as he sat there, he would open his legs when the little girl was in direct view throughout the time as she ate.
> She was interacting with other kids in the restaurant, talking to her grandmother. So the opening of the legs happened only when she was kinda looking in his direction.
> . . . .
> [W]hile she's [at the restaurant] you can see him repeatedly going down into his groin area and then opening the legs multiple times.

Detective Strolberg also testified to what she believed to be a connection between the sexual conduct and L.K.'s attention:

> Q: Specifically, what was it that you noticed?
> A: When [Howell] had her attention and no one else was viewing him, he had his legs spread apart with his penis showing.
> . . . .
> Q: Okay. And were there times intermittently during this period of time where he would touch or manipulate his penis?
> A: Yes.

4

When asked on redirect to confirm whether the video depicted Howell engaging in sexual conduct, the court interjected that it did not want "too many more questions on that, counsel. The video is in evidence and the jury will be making its own conclusions about what it sees."

The jury did just that, returning a guilty verdict.[4] The district court, however, determined the evidence was not sufficient to demonstrate L.K. had witnessed sexual conduct, and stated:

> It's just that this evidence does not support that offense in 100 percent; [it] supports [the] included offense of indecent exposure.
>
> . . . .
>
> I can't disregard the evidence and there wasn't any evidence. The child herself said that's all she saw.
>
> . . . .
>
> And the fact that those of us watching the video might observe something different than the child observed, doesn't cover that base because the elements of the offense required the child to witness an act of sexual conduct when this case, which was alleged to be exposing his penis.
>
> The child did not see that and she was really clear that she did not see that. She saw him expose himself.
>
> That means that the included offense of indecent exposure was conclusively established, but the secondary offense . . . is not established by the facts in this case.

It is apparent from the video evidence that Howell's actions constitute sexual conduct; the only issue was whether a reasonable juror could have concluded, contrary to L.K.'s testimony, that L.K. actually witnessed that conduct. The district court reweighed the evidence, analyzing whether *it believed* the element of sexual conduct had been proven "in 100 percent." The court needed only address whether a reasonable jury could have concluded the element had been satisfied.

From our independent review of the evidence, we conclude that a reasonable jury could find that each material element of the sexual abuse of a child offense was proven beyond a reasonable doubt. As an initial matter, despite L.K.'s denial of witnessing manipulation of the penis, Howell's behavior on video provides a link to what L.K. saw. Howell appears to attempt to get the child's attention. When he thinks he has her looking his way he opens his legs and on

---

[4]    Jury Instruction No. 5 reads:
> The key part of your job as jurors is to decide how credible or believable each witness was. This is your job, not mine. It is up to you to decide if a witness's testimony was believable, and how much weight you think it deserves. You are free to believe everything that a witness said, or only part of it, or none of it at all.

some of those occasions holds and rubs his penis. It was not unreasonable for the jury to conclude, based on L.K.'s age, that she witnessed Howell manipulating his genitals but could not draw the inference as to what she was seeing or simply did not remember. Though L.K. responded "no" when asked if she saw Howell hold or touch his penis the jury was entitled, as the district court instructed at trial, to disbelieve portions of her testimony which were contradicted by the video evidence and draw its own conclusions. For example, L.K. admitted not remembering other acts that were clearly depicted in the surveillance video.[5] L.K.'s age and the lapse of time between the incident and trial are all relevant and reasonable considerations which could affect the weight the jury gave her testimony.

Further, the jury was free to find, for any number of reasons, that her age and inexperience led her to testify contrary to the video evidence, or find she lacked the capacity to answer the question beyond the most literal sense. The jury weighed the evidence and chose to rely more heavily on the video; which captured Howell masturbating while L.K. looked in his direction. The jury was properly instructed on and rejected the lesser included offense of indecent exposure. The evidence, the inferences, and the jury's ability to weigh credibility support its verdict. The jury was not obligated to ignore the reasonable inferences it drew from the video based upon the child's single response to a very limited inquiry. Accordingly, the trial court improvidently granted Howell's motion for judgment of acquittal.

## IV.
## CONCLUSION

The trial court erred in granting Howell's motion for judgment of acquittal. Thus, we reverse the district court's order, vacate the judgment, reinstate the jury's verdict, and remand for sentencing on the crime of conviction.

Chief Judge HUSKEY and Judge LORELLO **CONCUR**.

---

[5]

Q:     And do you recall, would he put his legs together and then spread them apart?
A:     No.
Q:     Okay. You don't remember that?
A:     I don't remember that.