944 P.2d 727

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Dee Ann CRAWFORD, Defendant–Appellant.**

No. 22957.

Court of Appeals of Idaho.

Sept. 3, 1997.

Robert J. Van Idour, Lewiston, for Defendant–Appellant.

Alan G. Lance, Attorney General; John C. McKinney, Deputy Attorney General, Boise, for Plaintiff–Respondent.

PERRY, Judge.

Dee Ann Crawford appeals from her judgment of conviction and sentence imposed for felony possession of a controlled substance. I.C. § 37–2732(c)(1). For the reasons set forth below, we affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

The facts of this case, as stated in the district court's order denying Crawford's pretrial dismissal motion, are as follows:[1]

On June [21], 1995, a search warrant was executed at Crawford's residence in the Normal Hill section of Lewiston. The residence is described as a large, older, two-story house, common to that area of the city.... [A]t the time of the search at least three and possibly as many as ten adults, exclusive of police personnel, were present. When the police entered the house, Crawford, a man and another woman were found on the second floor in the hallway at the top of the ... stairs.

The second floor of the house contained two bedrooms plus a small den or sitting room. According to statements attributed to Crawford, the bedroom located on the northeast side of the second floor was used by Crawford. Her daughter occupied the other bedroom and Joel Henderson used the small sitting room.

Crawford's bedroom was searched by Sergeant Dale Hughes of the Idaho State Police. When he entered the bedroom, the door was unlocked and standing open. In addition to a bed, the room contained two dressers and a closet area. The room contained women's clothing and shoes. An envelope addressed to "D.A. Crawford" at the address of the search was found in a bag on the floor of the room.

In the top drawer of one of the dressers, under a ball cap, Hughes found a paper bindle which contained a white powder.... Hughes sought the assistance of Special Agent Vicki Smith of the Idaho Bureau of Narcotics (IBN) and a member of the search team. Smith conducted a field-test of the substance ... and concluded that the substance was cocaine. IBN Special Agent Schrader placed that bindle ... into evidence and later sent the material to the laboratory where subsequent tests confirmed the results reached by Smith.

Crawford was charged with one count of felony possession of a controlled substance. Crawford moved to dismiss the case on the basis that there was no evidence to prove she possessed the controlled substance. The district court denied Crawford's motion.

Crawford went to trial and was found guilty by a jury. The district court entered a judgment of conviction and sentenced Crawford to a unified term of incarceration of seven years, with a three-year minimum period of confinement. The district court retained jurisdiction for 180 days. At the end of her retained jurisdiction, the district court placed Crawford on probation for seven years. Crawford appealed.

## II.

## DISCUSSION

### A. Sufficiency of the Evidence

 Crawford asserts that there was insufficient evidence to prove that she possessed the cocaine. Appellate review of the sufficiency of the evidence is limited in scope. A judgment of conviction, entered upon a jury verdict, will not be overturned on appeal where there is substantial evidence upon which a reasonable trier of fact could have found that the prosecution sustained its burden of proving the essential elements of a crime beyond a reasonable doubt. *State v.*

1. After reviewing the evidence elicited at trial, we conclude that the following quoted portion of the district court's order denying Crawford's pretrial dismissal motion adequately represents the factual background of this case.

*Knutson*, 121 Idaho 101, 104, 822 P.2d 998, 1001 (Ct.App.1991); *State v. Decker*, 108 Idaho 683, 684, 701 P.2d 303, 304 (Ct.App.1985). We will not substitute our view for that of the jury as to the credibility of the witnesses, the weight to be given to the testimony, and the reasonable inferences to be drawn from the evidence. *Knutson*, 121 Idaho at 104, 822 P.2d at 1001; *Decker*, 108 Idaho at 684, 701 P.2d at 304. Moreover, we will consider the evidence in the light most favorable to the prosecution. *Knutson*, 121 Idaho at 104, 822 P.2d at 1001; *Decker*, 108 Idaho at 684, 701 P.2d at 304.

■ In order to prove constructive possession, knowledge of the controlled substance and physical control of the controlled substance must be independently proven beyond a reasonable doubt, by either circumstantial or direct evidence. *State v. Seitter*, 127 Idaho 356, 360, 900 P.2d 1367, 1371 (1995). *See also State v. Greene*, 100 Idaho 464, 466, 600 P.2d 140, 142 (1979); *State v. Burnside*, 115 Idaho 882, 885, 771 P.2d 546, 549 (Ct.App.1989). Constructive possession of a controlled substance exists where a nexus between the accused and the substance is sufficiently proven so as to give rise to the reasonable inference that the accused was not simply a bystander but, rather, had the power and intent to exercise dominion and control over the substance. *State v. Garza*, 112 Idaho 778, 784, 735 P.2d 1089, 1095 (Ct. App.1987).

■ Here, there was no evidence presented that Crawford had actual possession of the cocaine. Therefore, we examine the evidence which tended to establish constructive possession, particularly evidence from which the jury reasonably could have inferred that Crawford was aware of and exercised control over the cocaine.

The evidence at trial demonstrated that Crawford admitted it was her bedroom where the cocaine was found which led to the charge against her. Although there were other individuals in her residence at the time of the search, there was no one inside of her bedroom. Officer Hughes found women's and unisex clothing in Crawford's bedroom as well as a sealed envelope addressed to Crawford in a bag located in the room. A review of the record does not indicate that anyone but Crawford used her bedroom. Therefore, although Crawford may not have been in exclusive possession of her residence, there was substantial evidence to show that she did have exclusive possession of her bedroom. Consequently, there was evidence of circumstances to buttress an inference that Crawford knew of and exercised control over the cocaine found in the dresser in what was proven to be her bedroom. *See O'Brien v. State*, 422 N.E.2d 1266, 1272 (Ind.Ct.App. 1981) ("Because bedrooms are usually private areas of a house and dresser drawers are especially private, evidence indicating sole occupancy of a bedroom supports a logical inference of control and knowledge of the room's contents by the usual occupier."). Based on the record, we conclude that the jury's verdict of guilty on the charge of possession of controlled substance was supported by sufficient evidence.

**B. Sentence Review**

■ Crawford asserts that her sentence was not reasonable given the offense and her background. We review a sentence on appeal for abuse of the sentencing court's discretion, taking into account the objectives of sentencing and well-established standards for evaluating the reasonableness of a sentence. *See State v. Brown*, 121 Idaho 385, 393, 825 P.2d 482, 490 (1992); *State v. Sanchez*, 115 Idaho 776, 777, 769 P.2d 1148, 1149 (Ct.App.1989); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct.App.1982). When a period of incarceration is imposed and actually ordered into execution, our review of the reasonableness of the sentence focuses on the probable length of confinement which, under the Unified Sentencing Act, I.C. § 19–2513, is the minimum period of incarceration. *State v. Barnes*, 121 Idaho 409, 411, 825 P.2d 506, 508 (Ct.App.1992); *Sanchez*, 115 Idaho at 777, 769 P.2d at 1149. In this case, however, we will not focus on the aggregate minimum term of three years because Crawford has been placed on probation. She has actually served in confinement only the retained jurisdiction period of approximately 180 days and may never be further incarcerated for the present offense. In reviewing the reasonableness of her sen-

tence, therefore, this Court will not presume a minimum term of three years and will not ignore the fact that the sentencing court acted with leniency by placing Crawford on probation. We have reviewed the record, taking into account the seriousness of the offense, Crawford's character and her prior record, including the fact that she was on probation when she committed the current offense. We find no abuse of discretion in the sentence imposed.

## III.

## CONCLUSION

We conclude that there was sufficient evidence adduced at Crawford's trial to sustain a guilty verdict for possession of a controlled substance. We also find no abuse of discretion in the sentence imposed. Crawford's judgment of conviction and sentence are affirmed.

LANSING, C.J., and SWANSTROM, Pro Tem Judge, concur.