**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 48122**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: November 4, 2021** |
| Plaintiff-Respondent, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| DUSTIN JAY HOOPER, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Jason D. Scott, District Judge.

Judgment of conviction for possession of a controlled substance, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Brian R. Dickson, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kacey L. Jones, Deputy Attorney General, Boise, for respondent.

_____

LORELLO, Judge

Dustin Jay Hooper appeals from his judgment of conviction for possession of a controlled substance. We affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

An officer observed Hooper driving without illuminated taillights. The officer activated the overhead emergency lights of his patrol vehicle to initiate a traffic stop. Hooper did not immediately yield, and the officer followed Hooper through a gas station parking lot and up to a gas pump. The officer exited his patrol vehicle and approached Hooper on foot as he was exiting his vehicle. While providing his driver's license, registration, and insurance information to the officer, Hooper indicated that he had brain injuries that might cause him to act "real nervous." He

further stated that he was driving a borrowed vehicle. The officer then requested identification from Hooper's passenger, who verbally provided personal identifying information. Before the officer finished writing Hooper a citation, a drug dog arrived and alerted to the presence of controlled substances in the vehicle Hooper was driving. A search of the vehicle yielded two syringes containing methamphetamine and a glass marijuana pipe.

The State charged Hooper with possession of a controlled substance, I.C. § 37-2732(c), and possession of drug paraphernalia, I.C. § 37-2734A. Hooper pled not guilty. A jury found Hooper guilty of both offenses. He appeals.[1]

## II.

## STANDARD OF REVIEW

Appellate review of the sufficiency of the evidence is limited in scope. A finding of guilt will not be overturned on appeal where there is substantial evidence upon which a reasonable trier of fact could have found that the prosecution sustained its burden of proving the essential elements of a crime beyond a reasonable doubt. *State v. Herrera-Brito*, 131 Idaho 383, 385, 957 P.2d 1099, 1101 (Ct. App. 1998); *State v. Knutson*, 121 Idaho 101, 104, 822 P.2d 998, 1001 (Ct. App. 1991). We will not substitute our view for that of the trier of fact as to the credibility of the witnesses, the weight to be given to the testimony, and the reasonable inferences to be drawn from the evidence. *Knutson*, 121 Idaho at 104, 822 P.2d at 1001; *State v. Decker*, 108 Idaho 683, 684, 701 P.2d 303, 304 (Ct. App. 1985). Moreover, we will consider the evidence in the light most favorable to the prosecution. *Herrera-Brito*, 131 Idaho at 385, 957 P.2d at 1101; *Knutson*, 121 Idaho at 104, 822 P.2d at 1001.

## III.

## ANALYSIS

Hooper argues that the State presented insufficient evidence to support the jury's verdict finding him guilty of knowingly possessing methamphetamine. The State responds that it presented sufficient circumstantial evidence to support the jury's verdict. We hold that the State

---

[1]     Hooper admitted possessing drug paraphernalia during trial and does not appeal from his judgment of conviction for that offense.

2

presented sufficient evidence from which the jury could find Hooper guilty of possession of a controlled substance.

The jury found Hooper guilty of possession of a controlled substance in violation of I.C. § 37-2732(c), which provides:

> It is unlawful for any person to possess a controlled substance unless the substance was obtained directly from, or pursuant to, a valid prescription or order of a practitioner while acting in the course of his professional practice, or except as otherwise authorized by this chapter.

Although I.C. § 37-2732(c) does not identify a specific mental state as an element of the offense, the Idaho Supreme Court has held that the offense requires proof that the defendant knew he or she possessed the controlled substance. *State v. Blake*, 133 Idaho 237, 240, 985 P.2d 117, 120 (1999). Thus, to find Hooper guilty, the jury had to find that Hooper knowingly possessed the methamphetamine found in the vehicle he was driving. *See State v. Armstrong*, 142 Idaho 62, 64, 122 P.3d 321, 323 (Ct. App. 2005). A defendant may have actual or constructive possession of a controlled substance. *State v. Southwick*, 158 Idaho 173, 178, 345 P.3d 232, 237 (Ct. App. 2014).

Constructive possession of a controlled substance exists where a nexus between the accused and the substance is sufficiently proven so as to give rise to the reasonable inference that the accused was not simply a bystander but, rather, had the power and intent to exercise dominion and control over the substance. *State v. Crawford*, 130 Idaho 592, 595, 944 P.2d 727, 730 (Ct. App. 1997). Control of the location where illegal drugs are discovered supports an inference of knowledge. *Southwick*, 158 Idaho at 178, 345 P.3d at 237. A defendant's shared occupancy of a vehicle where a controlled substance is found cannot, by itself, support such an inference. *Id.* at 180, 345 P.3d at 237. When the defendant lacks exclusive possession of the location where a controlled substance is discovered, other circumstances may establish the defendant's knowledge. *Id.* Circumstantial evidence that may be used to find the requisite knowledge, other than the mere fact of possession, includes the manner in which the drug was wrapped, stored or carried; attempts to conceal, dispose of, or destroy the contraband; attempts to avoid detection or arrest; the presence of drug paraphernalia; the possession of other contraband or cutting agents; indications that the defendant was under the influence of drugs; the presence of fresh needle marks; and the proximity, accessibility, and location of the contraband. *State v. Groce*, 133 Idaho 144, 152, 983 P.2d 217, 225 (Ct. App. 1999).

3

The syringes containing methamphetamine that Hooper was charged with possessing were found in two places in the vehicle he was driving. One syringe was in an open, aluminum iced tea can in the console cupholder nearest to where Hooper was seated. The other syringe was in a "cinch bag"[2] located behind Hooper's seat. Although Hooper admits that he picked up the iced tea can holding the syringe in the presence of officers and acknowledges that "it would have been obvious *something* [was] inside the can, since it rattled when handled," he contends "there was no evidence" that he knew the can contained a syringe. According to Hooper, the evidence was insufficient to support a finding that he knew the can contained the syringe because the can was "being used as a trash receptacle"[3] and "a casual peek inside" would not have revealed drugs inside. We disagree.

There is ample evidence to support a finding that Hooper knew of the presence of the syringe in the iced tea can. As Hooper admits, he held the can in his hand while the syringe rattled within. Video footage from one officer's bodycam that was admitted into evidence shows Hooper holding the can to his lips for several seconds. Testimony from officers who responded to the gas station aligns with Hooper's acknowledgment that he was holding the iced tea can and further indicates that the can was seized from the cupholder of the vehicle's center console nearest to where Hooper sat. Hooper also admitted to possessing other contraband found in the vehicle--specifically, a glass "bong." Additionally, the officer who initially stopped Hooper testified that Hooper exhibited behavior consistent with methamphetamine use--specifically, rapid speech and "shaky, jitteriness." The same officer testified to suspicious behavior by Hooper during the traffic stop. Instead of stopping immediately after the officer activated his emergency lights, Hooper continued driving for approximately one hundred yards through a parking lot and up to a gas pump. Moreover, despite Hooper's admission on appeal to handling the iced tea can, he denied touching it when confronted by officers at the gas station. Viewed in the light most favorable to the prosecution, the foregoing evidence supports a reasonable inference that Hooper knew the

---

[2] During trial, an officer testified that the cinch bag was "roughly the size of [an eight-by-eleven sheet of paper]" with "four strings connected to it" that could be "squeezed" or cinched to close the bag.

[3] An officer testified that, in addition to the syringe, the iced tea can also contained a "chunk of a banana peel."

4

syringe containing methamphetamine was in the iced tea can. *See Southwick*, 158 Idaho at 178, 345 P.3d at 237 (circumstantial evidence is sufficient to uphold a guilty verdict when it gives rise to reasonable inferences of guilt).

Hooper's contention that there is insufficient evidence showing that he "knew of the syringe in the cinch bag" similarly fails. In addition to Hooper's suspicious behavior, admission to possessing other contraband, exhibition of indicia of methamphetamine use and physical proximity to the cinch bag (which was found behind his seat), the cinch bag also contained small plastic baggies similar to those Hooper told officers he used to store bolts and testosterone pills. An officer testified that a similar baggie holding what appeared to be a vitamin was found in the vehicle Hooper was driving. Hooper's assertion that the cinch bag, which was discovered behind his seat, was more accessible to his passenger and that Hooper's admission to using baggies similar to those found in the cinch bag did not "circumstantially suggest that [he] knew of" the contents of the cinch bag is unavailing. According to Hooper, officers asked him only how he used small baggies generally and nothing "tied this question . . . to those found in the cinch bag." That Hooper did not admit to using the *specific* baggies found in the cinch bag does not render the admission irrelevant to establishing he knew of the presence of the syringe within the cinch bag. The physical resemblance the baggies shared combined with their presence in the vehicle and Hooper's admissions to using such baggies to store pills supports an inference that he was using the cinch bag and knew its contents.

Moreover, although the officer who collected the cinch bag as evidence labeled it as the property of Hooper's passenger, the label the officer placed on the property is not evidence of actual ownership or possession. At best, it indicates that particular officer's initial opinion regarding the cinch bag's ownership. Even if we concluded that the officer's opinion constituted conflicting evidence regarding Hooper's knowledge of the syringe's presence, that conclusion would be insufficient to disturb the jury's verdict. *See State v. Severson*, 147 Idaho 694, 712, 215 P.3d 414, 432 (2009) (observing that substantial evidence may exist despite the presence of conflicting evidence). When circumstantial evidence could be interpreted consistently with a finding of innocence, the evidence will be sufficient to uphold a guilty verdict when it also gives rise to a reasonable inference of guilt. *Id.*; *State v. Slawson*, 124 Idaho 753, 757, 864 P.2d 199, 203 (Ct. App. 1993). The circumstantial evidence presented at trial gives rise to a reasonable

inference that Hooper knew of the syringe in the cinch bag. Accordingly, there is substantial evidence for the jury to find the State sustained its burden of proving the essential elements of possession of a controlled substance beyond a reasonable doubt.

## IV.

## CONCLUSION

There is sufficient evidence in the record to support the jury's verdict finding Hooper knowingly possessed the syringes containing methamphetamine that were found in the vehicle he was driving. Hooper's challenge to the sufficiency of the evidence therefore fails. Accordingly, Hooper's judgment of conviction for possession of a controlled substance is affirmed.

Chief Judge HUSKEY and Judge BRAILSFORD, **CONCUR**.